JOSEPH J. MULLINS, Retired Circuit Judge.
On an indictment containing three counts; count I charging burglary in the second degree; count II charging grand larceny, and count III charging buying, receiving, concealing or aiding in concealing stolen property of the value of $500.00, knowing that it had been stolen or having reasonable grounds for believing that it had been stolen, and not having the intent to restore it to its owner, appellant, Hurley C. Beachum, was convicted under count III of the indictment and sentenced to 4 years imprisonment in the penitentiary.
This appeal was submitted to this Court on briefs. The appellant was represented in the trial court by court appointed counsel, and is here represented by same counsel under court appointment.
There is evidence in the record tending to show that the home of Mr. Alvin Thompson in Florence, Alabama was broken into on December 11, 1975 between 7:15 o’clock, P.M. and 8:30 P.M.; that 4 heaters and a color T.V. set, all of the value of about $500.00, were stolen from the home; that on December 15, 1975 the appellant, at the home of one John Kennedy in Sheffield, Alabama, sold to one Mrs. Coffie one of the stolen heaters for $10.00. The appellant offered evidence of his wife that he was with her all night on December 11, 1975. Appellant’s testimony was that he went with one Willie Payne over to Sheffield, Alabama, and saw Payne sell a heater to Mrs. Coffie for $10.00. That he drove Payne to Payne’s house to pick up the heater, that the heater identified by Mr. Thompson as his property, and by Mrs. Coffie as the one she bought from appellant, was not the same heater that Payne sold to Mrs. Coffie. This evidence, together with all the other evidence presented to the jury, is sufficient to sustain the jury verdict finding the appellant guilty under count III of the indictment. We therefore hold that the trial court did not err in overruling appellant’s motion for a new trial due to the insufficiency of the evidence to sustain the jury verdict finding the appellant guilty under count III of the indictment. Stanley v. State, 46 Ala.App. 542, 245 So.2d 827; Lawrence v. State, Ala.Cr.App., 331 So.2d 284.
Appellant claims that the trial court committed reversible error in overruling his motion to strike a portion of a witness’ testimony. In the record before us, during the direct examination of state’s witness, Mrs. Coffie, by Solicitor Tate, the following appears:
“Q. by Mr. Tate: Does John Kennedy live with you at 727 East Reeder Street?
A. Yes, sir.
Q. State whether or not on that date you say anything of the defendant in this case?
A. Yeah, he came to John Kennedy’s house and knocked on his door and asked him if he wanted to buy any heaters and John Kennedy told him ‘no,’ he didn’t have any use for any.
MR. SLUSHER:
We move to strike the hearsay portion of the witnesses’ testimony and ask the court to advise the jury to disregard it.
THE COURT:
We overrule it if it is an objection to hearsay. That is a conversation that took place in the presence of the defendant.”
This is a part of a conversation of the appellant with Kennedy in the presence of Mrs. Coffie. We hold that Mrs. Coffie was properly allowed to state what the appellant said to Kennedy, and what Kennedy said to the appellant in reply. Crouch v. *533 State, 53 Ala.App. 261, 299 So.2d 305, certiorari denied, 292 Ala. 718, 299 So.2d 312; 20 Am.Jur. Evidence, Sec. 555 at page 467; 29 Am.Jur.2d Evidence, Sec. 606 at page 660.
We have searched the record for any errors prejudicial to the defendant and have found none.
The judgment of the trial court should be affirmed.
The foregoing opinion was prepared by the Honorable JOSEPH J. MULLINS, a retired Circuit Judge, serving as a Judge of this Court under the provisions of Section 6.10 of the new Judicial Article (Constitutional Amendment No. 328, Act # 1051, 1973); his opinion is hereby adopted as that of the Court.
The judgment below is hereby affirmed.
AFFIRMED.
All Judges concur.