(108 So. 269)

## McCONNICO v. STATE. (2 Div. 363.)

(Court of Appeals of Alabama. April 13, 1926.)

Intoxicating liquors ⬗238(5)—Where state's witness testified without contradiction to buying whisky from accused, refusal of affirmative charge held proper.

Where state's witness testified positively and without conflict that he bought quart of whisky from accused in certain county and paid certain price for it, refusal of affirmative charge held proper.

Appeal from Circuit Court, Wilcox County; S. F. Hobbs, Judge.

Sarah McConnico was convicted of violating the prohibition laws, and she appeals. Affirmed.

Harwell G. Davis, Atty. Gen., and Thos. E. Knight, Jr., Asst. Atty. Gen., for the State.

BRICKEN, P. J. At the March term, 1925, of the circuit court the grand jury of said court returned an indictment against this appellant charging her with having sold, or had in her possession, prohibited liquors and beverages, contrary to law.

At the December term, 1925, of said court she was tried and convicted of having sold one quart of whisky to the state witness Tindal. His evidence that he bought the quart of whisky from appellant in Wilcox county and paid her $2.50 for it was positive and direct, and was without dispute or conflict, as the testimony given by this witness was all the evidence in the case, no other witness having been examined upon this trial.

No exceptions were reserved to any ruling of the court. This appeal is rested upon the refusal of the court to give, at the instance of defendant, the general affirmative charges requested in writing. There is no phase of evidence in this case entitling the defendant to either of these charges and their refusal was without error.

The record is regular in all things. Judgment affirmed.

Affirmed.

⸻

(108 So. 262)

## HAGAMAKER v. STATE. (8 Div. 317.)

(Court of Appeals of Alabama. April 13, 1926.)

Criminal law ⬗260(13)—In absence of complaint filed by solicitor or of waiver by defendant, judgment of conviction for violating game laws must be reversed (Code 1923, § 3843).

In absence of complaint filed by solicitor as required by Code 1923, § 3843, or of waiver by defendant affirmatively appearing of record, judgment of conviction for violating game laws must be reversed.

Appeal from Circuit Court, Limestone County; O. Kyle, Judge.

Oscar Hagamaker was convicted of violating the game laws, and he appeals. Reversed and remanded.

R. B. Patton, of Athens, for appellant.

There is no information of complaint filed by the solicitor, and the cause must be reversed. Moss v. State, 42 Ala. 546; Courson v. State, 93 So. 223, 18 Ala. App. 538; Hall v. State, 95 So. 904, 19 Ala. App. 178; Hawkins v. State, 101 So. 514, 20 Ala. App. 285.

Harwell G. Davis, Atty. Gen., and Robt. G. Tate, Asst. Atty. Gen., for the State.

A transcript from the justice court is sufficient to give the circuit court jurisdiction. Code 1923, § 3839.

SAMFORD, J. In the absence of a complaint filed by the solicitor as required by section 3843 of the Code of 1923, or of a waiver by the defendant affirmatively appearing of record, the judgment in this case must be reversed. Owens v. State, 99 So. 155, 19 Ala. App. 573.

As this case must be reversed upon the ground above set forth, it is perhaps not necessary for this court to go further into a consideration of the questions presented; but for the guidance of the court upon another trial, if the evidence should remain the same as is disclosed by this record, the state will not have met the burden of proof as to this defendant, whatever may be the case as to Thomas and Newby, who were in a separate automobile and against whom there is additional evidence.

For the error pointed out, the judgment is reversed, and the cause is remanded.

Reversed and remanded.

⸻

(108 So. 262)

## Crutcher THOMAS v. STATE. (8 Div. 319.)

(Court of Appeals of Alabama. April 13, 1926.)

Appeal from Circuit Court, Limestone County; O. Kyle, Judge.

Violating game laws.

R. B. Patton, of Athens, for appellant.

Harwell G. Davis, Atty. Gen., and Robt. G. Tate, Asst. Atty. Gen., for the State.

BRICKEN, P. J. Reversed and remanded on authority of Hagamaker v. State (Ala. App.) 108 So. 262, ante, p. 345.

⬗For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes