28 So.2d 927

### MADISON et al. v. STATE.
### 6 Div. 268.

Court of Appeals of Alabama.
Jan. 28, 1947.

R. L. Newton, of Jasper, for appellant.

Wm. N. McQueen, Atty. Gen., and Geo. C. Wallace, Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

The prosecutions against these two appellants originated in the county court upon affidavit and warrant, wherein each of them was charged with the offense of violating the prohibition law by unlawfully having whiskey in their possession.

From the judgments of conviction in the county court, both defendants appealed to the circuit court and, upon demand, were tried by a jury. Jointly tried by consent.

The trials in the circuit court resulted in the conviction of each of the defendants, and judgments of conviction were duly pronounced and entered. From said judgments this appeal was taken. Also jointly by consent.

The jurisdiction of this court, in a proceeding of this character, is appellate only and consequently review here is limited to those matters upon which action or ruling at nisi prius was invoked or had.

In the instant case we find nothing to review. The sufficiency of the evidence is not questioned. No motion to exclude the evidence was made. No special written charges were requested, nor was there a motion for a new trial.

Upon investigation, however, we find, from the transcript, that the testimony of the three State witnesses, all officers of the law, was ample in every respect to make out the State's case as charged in the indictment. Said testimony was in sharp conflict with that of the two defendants, each of whom while testifying in their own behalf denied practically every statement made by the State's witnesses when testifying in this case. But as stated hereinabove no point of decision in this respect is presented for our consideration.

We note that the proceedings in the court below appear regular in every respect.

The judgments of conviction as to each of these appellants, from which this appeal was taken, will stand affirmed as to both of the appellants.

Affirmed.