50 So.2d 288

## WINDHAM v. STATE.

2 Div. 803.

Court of Appeals of Alabama.
Dec. 19, 1950.

Rehearing Denied Jan. 23, 1951.

548

Windham & Marshall, of Tuscaloosa, for appellant.

A. A. Carmichael, Atty. Gen., and M. Roland Nachman, Jr., Asst. Atty. Gen., for the State.

CARR, Judge.

The accused was tried and convicted in the circuit court on a charge of hunting without a permit. Title 8, Sec. 92, Code 1940.

The prosecution had its inception in the justice of the peace court, and from a judgment of conviction there an appeal was taken to the circuit court.

■ In the latter forum the solicitor did not file a written complaint. This was required, as directed by Sec. 363, Title 15, Code 1940, before the enactment in 1935 of Sec. 60, Act 240, now appearing in the current code as Sec. 56, Title 8. The cases of Hagamaker v. State, 21 Ala. App. 345,

108 So. 262 and Thomas v. State, 21 Ala. App. 345, 108 So. 262, are now without application.

The appellant did not file a motion for a new trial. Our review of the sufficiency of the evidence to sustain the verdict of the jury and the judgment of the court is based on a motion to exclude the evidence and the refusal of the general affirmative charge.

The evidence for the State tended to show that the accused was seen coming off the land of Mr. Homer Carpenter with a shotgun in his hand. A deer hunt was in progress in the vicinity and stands had been set up on Mr. Carpenter's land without his knowledge or permission.

The defendant gave this account of the occurrence: "I kind of got sick, and my car was parked out at Charlie Hughes's gravel pit where he got the gravel to build his brick home down there. I waited there a little bit and the boy didn't come on back, and I heard the dogs come in and thought them boys ought to be back, and I got up and went down and looked for them, and I walked on down to the gate, and I think that gate is on Mr. Carpenter's land. Of course we never hunted down there. I walked in that gate to see if any of them was down there. I turned around and come on back to the big road, and they were there talking to these men. That's all the far I went and all I had to do with the hunting. I didn't have nobody put on the stands, and I didn't get on a stand."

■ It is evincingly clear that a disputed factual issue was posed and the trial judge properly submitted the case to the jury for decision.

■ Our appellate courts have often announced the doctrine that the general affirmative charge for the defendant in a criminal case should not be given where, from the facts and circumstances proven, there is afforded a reasonable inference against his innocence.

After it was shown that the statement was voluntarily made, the court permitted the arresting officer to testify that at the time of the apprehension the defendant

said that "he could go on anybody's land with his gun without a permit."

 This formed a part of the res gestae and was admissible under this doctrine. Tracy v. State, 25 Ala. App. 417, 147 So. 685; Traffenstedt v. State, 34 Ala. App. 273, 38 So.2d 619; Vincent v. State, 20 Ala. App. 637, 104 So. 686; Bruce v. State, 22 Ala. App. 440, 116 So. 511.

Appellant's counsel moved to exclude the officer's statement that the defendant was coming off Mr. Carpenter's land at the time of the arrest. This related to an undisputed fact. Mr. Carpenter testified that the gate was on his property and Mr. Windham admitted on the stand that he walked in and out of the gate. Wilson v. State, 31 Ala. App. 21, 11 So.2d 563; Stallings v. State, 249 Ala. 1, 32 So.2d 233.

This same holding is applicable to several rulings of the court with reference to the identity and location of Mr. Carpenter's land.

Mr. Carpenter was allowed to state what a member of the hunting party said about having some stands on the former's property. This remark was uttered in the presence of the appellant. The statement was of a character which naturally called for a reply or denial by the defendant. Scott v. State, 249 Ala. 304, 30 So.2d 689; Burns v. State, 226 Ala. 117, 145 So. 436.

On cross-examination of the same witness the court sustained appellant's objection to a question. No exception was reserved to the ruling of the court. Kelley v. State, 32 Ala. App. 408, 26 So.2d 633; Calvert v. J. M. Steverson & Sons Lbr. Co., 244 Ala. 206, 12 So.2d 365.

Whether or not the appellant had a written permit to hunt on Mr. Charles Hughes's land related to an immaterial inquiry under the factual issues in the case. The court properly sustained the solicitor's objections to evidence in this aspect.

In his argument to the jury the prosecuting attorney stated: "The defendant takes the appeal from the lower court to the Circuit Court, as was done in this case."

The trial judge overruled appellant's motion to exclude this statement.

Apparently counsel was only outlining the steps in the procedure, and we cannot see why this should not have been allowed. In any event, the statement of the judge in support of his ruling indicates that this was in reply to argument that had preceded. This fact alone justified the ruling of the court. Hines et al. v. Paden, 204 Ala. 592, 87 So. 88; Elmore v. State, 21 Ala. App. 410, 109 So. 114; Gilliland v. R. G. Dunn & Co., 136 Ala. 327, 34 So. 25; Gills v. State, ante, p. 119, 45 So.2d 44.

There are some questions to which we have not responded. So clearly no harmful error inured to appellant in any of these, we will pretermit any discussion of them.

It is ordered that the judgment of the court below be affirmed.

Affirmed.