113 So.2d 787

### James H. MOODY
### v.
### STATE.
### 6 Div. 661.

Court of Appeals of Alabama.

June 30, 1959.

Matt Murphy, Jr., Birmingham, for appellant.

MacDonald Gallion, Atty. Gen., and Paul T. Gish, Jr., Asst. Atty. Gen., for the State.

PRICE, Judge.

Appellant, James H. Moody, was indicted for murder in the first degree for the fatal shooting of his fifteen-year-old stepson. This is the second appeal in this case. On the first trial defendant interposed pleas of "not guilty" and "not guilty by reason of insanity." He was convicted of murder in the second degree and sentenced to 50 years imprisonment in the penitentiary.

On appeal the cause was reversed and remanded for the refusal of the trial court to admit certain evidence as to defendant's mental condition. Moody v. State, 267 Ala. 204, 100 So.2d 733.

After remandment trial was had on defendant's plea of "not guilty", resulting in conviction of murder in the second degree

and punishment fixed at ten years imprisonment in the penitentiary.

 The sufficiency of the evidence is not presented for our review, since there was no motion to exclude the state's evidence, no request for the affirmative charge and no motion for a new trial. Whited v. State, 27 Ala.App. 466, 174 So. 545; Parker v. State, 37 Ala.App. 169, 65 So.2d 215; Madison v. State, 32 Ala.App. 617, 28 So.2d 927.

During the solicitor's argument to the jury the following occurred:

"Mr. Deason: Now he got up here, and this is not smart, he got up here and related to you gentlemen of the jury, and left the impression by his statement that the Supreme Court reversed this case, because it wasn't justified; the conviction of murder in the second degree wasn't justified. That is the statement he made to you, but he didn't tell you, you gentlemen of the jury that in the other case, he had a plea of insanity for this man, this defendant, and the Supreme Court reversed it on a technicality with reference to the introduction of testimony on his plea of insanity.

"Mr. Murphy: Now, Judge, at this time, I object to Mr. Cecil Deason's argument and what he had said about any other plea being entered on the grounds that it is illegal, irrelevant, incompetent, immaterial and make a motion at this time to exclude what Mr. Deason has said.

"Mr. Deason: Let me say this, if the court please, I could have not answered that; could have not made that statement and I am answering Mr. Murphy's statement to the jury; and I have got a perfect right to do it when he opened up the door, and I am answering that question.

"The Court: Yes, sir, I think you have a right to answer him, I will overrule it."

Wide latitude is given the solicitor in making reply to argument previously made by appellant's counsel. The ruling of the court was without error, York v. State, 34 Ala.App. 188, 39 So.2d 694, certiorari denied 252 Ala. 158, 39 So.2d 697; Gills v. State, 35 Ala.App. 119, 45 So.2d 44, certiorari denied 253 Ala. 283, 45 So.2d 51; Windham v. State, 35 Ala.App. 547, 50 So.2d 288.

Although no brief has been filed in appellant's behalf, we have carefully considered the record, as is required in criminal cases. Moody v. State, supra, and cases there cited. We find no reversible error, and the judgment is due to be affirmed.

Affirmed.