137 So.2d 61

**Charlie STILLWELL**

**v.**

**STATE.**

**7 Div. 649.**

Court of Appeals of Alabama.

Nov. 28, 1961.

Rehearing Denied Jan. 23, 1962.

504

Starnes & Holladay, Pell City, for appellant.

MacDonald Gallion, Atty. Gen., Bernard F. Sykes, Asst. Atty. Gen., and Chas. M. Crook, Union Springs, Legal Research Aide, for the State.

CATES, Judge.

Stillwell appeals from a judgment convicting him of distilling. The court imposed on him a sentence of two years confinement in the penitentiary.

Three state witnesses found Stillwell and others at a still from which whiskey was dripping. Stillwell had his hand on a valve on a burner which was heating the still pot. He told one officer, "It's mine, you caught me on it didn't you."

Stillwell sought to explain his presence as the result of his being asked by the moonshiners to warm himself at their fire. This was a welcome invitation since he and a companion had become separated while searching the woods for ax handle timber. His buddy was drunk in the still yard.

■ Whether Stillwell was engaged in distilling was a jury question. The sufficiency of the evidence is not before us because of the absence of a motion to exclude, a request for an affirmative charge and a motion for new trial. Moody v. State, 40 Ala.App. 373, 113 So.2d 787; White v. State, 40 Ala.App. 378, 114 So.2d 325; and cases there cited.

An hour and a half after the trial judge had put the case to them, the jury came back and asked him to restate his charge. By agreement of counsel, the court reporter read the entire charge from his notes. This was in the presence of the judge, jury, solicitor, defendant and his attorney. No exception was taken either at the encore or initially

In Smith v. State, 36 Ala.App. 209, 55 So.2d 202, the trial judge had repeated a form of verdict of guilt, to which reiteration the defense excepted. On appeal Smith unsuccessfully claimed prejudicial error because the repetition of the verdict form implied a wish by the judge for the jury to convict.

■ Here, repeating the entire charge—reasonable doubt, presumption of innocence, office of indictment, elements of the crime charged, consideration of all the evidence, reconciliation, if possible, of the testimony, lesser offense of attempt (to distill, Code 1940, T. 14, § 42), the possible forms of verdict and the need for unanimity—gave a balanced and interwoven legal direction. There is no error.

The last sentence of Code 1940, T. 7, § 273, permits the trial judge to give his general charge in writing and presumably this should be taken by the jury (as are the written charges given on motion of the parties) with them on retirement. When the judge elects to have the court reporter take down his general charge as he delivers it, then surely its correct repetition can be no more harmful than the rereading in the jury room of a written instruction.

We have carefully reviewed the entire record agreeably with Code 1940, T. 15, § 389, and consider therefrom that the judgment below should be

Affirmed.