247 So.2d 679

**Jerry Lee LANE**

v.

**STATE.**

**6 Div. 127.**

Court of Criminal Appeals of Alabama.

May 4, 1971.

William T. Kominos, Birmingham, for appellant.

MacDonald Gallion, Atty. Gen., and Richard F. Calhoun, Asst. Atty. Gen., for the State.

PER CURIAM.

The appellant was indicted, tried, and convicted for the offense of murder in the first degree. His punishment was fixed by the jury at life imprisonment in the penitentiary. In accordance with the jury verdict he was duly adjudged by the court to be guilty of murder in the first degree and sentenced to imprisonment in the penitentiary for life.

After the evidence was concluded the appellant made the following motion:

"Your Honor, at this time, we would request that the court reporter take down and report the final arguments of both the State and defense."

That motion was granted by the court and the court instructed the court reporter to take down the arguments.

The arguments of the prosecuting attorneys and the attorneys for the appellant do not appear in full in the transcript. But the transcript does show the portions of the argument of the prosecuting attorneys objected to by the appellant and the rulings of the trial court thereon and any exceptions that may have been taken thereto. The appellant complains that error exists because the transcript does not set out in full the arguments of counsel. The indictment alleges that appellant killed the deceased by stabbing him with a knife. The evidence strongly supports the indictment.

During the district attorney's argument the following occurred:

"MR. McDONALD: (Addressing the jury):—But I want to tell you this would be an improper argument, because we are just supposed to comment on the evidence, but, since he commented on it, I think it has to be answered.

"I never saw the children before yesterday, and I never asked that they be brought up here and ask that they be put on the front row, and if you believe that the district attorney did that—

"MR. KOMINOS: I object to that argument. It is improper and conjecture and not based on the evidence brought forth from the witness stand.

"THE COURT: Overrule. He is permitted to reply in kind to the argument of the defense counsel. Overrule.

"MR. KOMINOS: We except, Your Honor."

In connection with the District Attorney's argument, appellant made the following objections:

"MR. KOMINOS: I object, Your Honor. There is no testimony from that witness stand as to anybody stabbing anybody, and the district attorney is unduly making comments about a stabbing, and I object to those statements.

"That is the ultimate question to be decided by the jury.

"THE COURT: Overrule.

"MR. KOMINOS: We except."

We first turn our attention to the complaint made by the appellant that the transcript does not contain all of the arguments of counsel.

Tit. 13, § 262, Code of Alabama, 1940, recompiled 1958, relating to the duties of the court reporter is as follows:

"The official court reporter shall attend in person, except as otherwise herein provided, the sessions of court held in the circuit for which he is appointed, and in every case where directed by the judge or requested by a party thereto, he shall take full stenographic notes of the oral testimony and proceedings, except argument of counsel, and note the order in which all documentary evidence is introduced, all objections of counsel, the rulings of the court thereon, and exceptions taken or reserved thereto. When directed by the said judge he shall attend the investigations of the grand jury and there take such notes of the testimony as directed by the solicitor or foreman. The original stenographic notes of such court reporter in each case or proceeding officially reported shall be preserved by him and treated as a part of the records of the respective courts, and upon his retirement from office, shall be turned over to the clerks of such courts. * * *"

■ That Section of said Code does not require the court reporter to make full stenographic notes of the argument of counsel. However, the trial judge did instruct the court reporter to take down the argument of counsel in the case before us. We are not informed that the court reporter failed to do so. Assuming that he obeyed the instruction of the trial court, a transcript thereof could have been made available. Appellant has not made any effort to ascertain if the arguments were taken down by the court reporter or to have them made a part of the transcript. The law of Alabama has afforded him two remedies by which the arguments could have been made a part of the transcript of the proceedings had in the appellant's trial.

Tit. 7, § 827(1a), Code of Alabama, 1940, recompiled 1958, in pertinent part, is as follows:

"* * * Within ten (10) days after the filing with the clerk of the certified transcript by the court reporter, either party may file with the clerk objections to the certified transcript, with his certificate that he has notified the opposing party, or attorney of record, that the same will be called to the attention of the trial court at a specified time and place. If no objections are filed within such ten (10) days the transcript shall be conclusively presumed to be correct. * * *"

The transcript in this case was filed with the clerk of the trial court on March 9, 1970. No objections were filed thereto.

■ Supreme Court Rule 18, Appendix to Tit. 7, Code, supra, provides as follows:

"A certiorari to perfect or bring up a complete record may be awarded, on motion of either party, at any time before the submission of the cause, if its object be to sustain a judgment, without a showing; but if to reverse a judgment, a sufficient showing must be made."

Briefs have been filed with this court and this cause has been submitted and the appellant has not at any time sought to exercise the remedy provided by said Rule 18. The effect of such failure was stated by the Supreme Court of Alabama in Bowlin v. Bowlin, 267 Ala. 655, 104 So.2d 630, to be as follows:

"We have consistently held that Revised Rule 18, supra, imposes the duty on the appellant, before submission of his case, to pursue this remedy; but, having submitted the case without doing so, the court has no other alternative but to dispose of the case on the record as it now stands. * * *"

**640**

Appellant's complaint that the record does not contain the full argument of counsel is without merit.

In Flowers v. State, 269 Ala. 395, 113 So.2d 344, the court said:

· "There is no merit in appellant's argument that he was deprived of due process because the entire argument of counsel to the jury was not made a part of the record. Counsel for appellant concedes that he 'has failed to find a case on point.' There is no such requirement by either case or statutory law in Alabama."

The first portion of the argument of the district attorney objected to by the appellant set out in the statement of facts set out in this opinion was an ."argument in kind." It was a retaliatory statement with a clear reference to the argument made by counsel for the defendant. This Court in the case of Moody v. State, 40 Ala.App. 373, 113 So.2d 787, as to such arguments had this to say:

"Wide latitude is given the solicitor in making reply to argument previously made by· appellant's counsel. The ruling of the court was without error, York v. State, 34 Ala.App. 188, 39 So.2d 694, certiorari denied 252 Ala. 158, 39 So.2d 697; Gills v. State, 35 Ala.App. 119, 45 So.2d 44, certiorari denied 253 Ala. 283, 45 So.2d 51; Windham v. State, 35 Ala. App. 547, 50 So.2d 288."

The ruling of the court as to ·the argument under discussion in this case was without error.

The other objection of the appellant to the argument of the district attorney is without merit. The indictment charged the defendant with stabbing the deceased and the evidence clearly supported the charge.

In accordance with Tit. 15, § 389, Code of Alabama, 1940, we have carefully reviewed the record on this appeal and find no error contained therein.

The judgment appealed from is, therefore, due to be and is hereby affirmed.

The foregoing opinion was prepared by L. S. Moore, Supernumerary Circuit Judge, and adopted by the Court as its opinion. .

Affirmed.