The Grand Jury of Colbert County returned an indictment against the appellant, Charles Ralph McCullough, charging him with grand larceny. The appellant entered a plea of not guilty. A jury found the appellant guilty of grand larceny as charged. The trial court duly sentenced the appellant to 8 years in the penitentiary. Appellant's motion for a new trial was denied and he appeals to this Court.
This appeal was submitted on briefs. The appellant was represented by counsel of his choice at all proceedings in the trial court, and is represented in this Court by the same counsel under court appointment.
Appellant contends that his conviction should be reversed because the trial court erred in two respects; first, by overruling appellant's objections to statements made to the jury by state's counsel during his closing argument; second, by overruling appellant's motion for a new trial.
No evidence was presented to the trial court in support of appellant's motion for a new trial. Neither the motion for a new trial nor exhibit "A" filed with it was under oath. Nowhere in this record do we find a copy of, or a statement of the matters argued to the jury by appellant's counsel. We do not find a request by the appellant that either his argument or the state's argument be transcribed by the court reporter. The record shows that during the closing argument of state's counsel the following occurred:
 "MR. JAMES TOMPKINS: Judge — just a minute — I want to object to that line of argument, I think it's inappropriate.
BY THE COURT: Overruled.
(Mr. Patton continues).
 MR. JAMES TOMPKINS: I object to his saying as a matter of fact, there's no evidence to that.
 BY THE COURT: Overruled. Gentlemen, let me again say to you in ruling on these objections, please don't consider them as my comment on the evidence or anything like that or my feeling about it. Gentlemen, you are the sole judges of the evidence in the case. The attorneys have the right to argue to you the evidence and any reasonable and proper inference from the evidence. Go ahead.
(Mr. Patton continues).
 MR. JAMES TOMPKINS: Judge, if it please the Court I want to object to this line of argument —
 BY THE COURT: It's overruled — excuse me — it's overruled, in the judgment of the Court it is adequate — I say adequate excuse me — it is proper reply in kind.
 MR. JAMES TOMPKINS: We'd like the record to show that he's saying he went to Sylacauga and testifying to what he did down there and that's what we object to.
 BY THE COURT: And the Court does specifically rule that it is reply in kind to comments made by defense counsel during its closing statement. Go ahead Mr. Patton."
It is the appellant's duty to present the points he intends to raise upon the *Page 399 
record, with reasonable certainty. If this is not done, so as to enable this Court to decide, without danger of mistake, the exceptions taken in the court below, or point reserved, will be disregarded, for uncertainty. Findlay v. Pruitt, Porter's Reports, Vol. 9, Page 195; Autry v. State, 34 Ala. App. 225,38 So.2d 348. In the case of Autry v. State, supra, Justice Harwood said: "Because of the fragmentary character of the portions of the argument copied into the record it is difficult if not impossible to review this asserted error. From the remarks of defense counsel, the Solicitor, and the court, we think it necessarily inferable that the portions of defense counsel's argument were preceded by and related to other portions of his argument which are not set forth in the record."
From the statements of counsel for the state and defense, and the statements and rulings of the trial court contained in this record it is apparent to us that this Court should not review the lower court's rulings on statements made by state's counsel in his closing argument to the jury due to the fragmentary manner in which such statements appear in the record. It appears from the record that there were matters before the trial judge that do not appear in this record. Under the facts shown in this record we cannot determine whether or not the statements made by state's counsel were replies in kind to statements made by defense counsel in his argument to the jury.Autry v. State, supra; Lane v. State, 46 Ala. App. 637,247 So.2d 679; Argo v. State, 277 Ala. 177, 168 So.2d 23; Mincy v.State, 262 Ala. 193, 78 So.2d 262.
We hold that under the record in this case the general principle that propriety of argument of counsel is largely within the trial court's discretion, and this record fails to show an abuse of such discretion. Autry v. State, supra;Garrett v. State, 268 Ala. 299, 105 So.2d 541.
State's evidence tended to prove that on August 2, 1977 Mr. Burns was building a home on Frankfort Road near Tuscumbia in Colbert County, Alabama; that he owned and had stored on the home lot 42 sheets of 4 X 8 X 1/2" plywood, two rolls of valley tin, 1-50 lb. box of nails, and other building materials; that the 42 sheets of plywood, 2 rolls of valley tin and box of nails were of the value of $556.98; that at about 5:30 P.M., when no one was present at the building site, the appellant and a companion drove a pickup truck in the yard of the building site and loaded the above named building materials on the truck and drove away; that the pickup truck was being driven by the appellant who was seen as he drove out of the yard of the building site and was followed and kept in sight all the time until the pickup truck was stopped five or six miles away from the building site; when the truck was stopped it had loaded on it all of the materials enumerated above; the materials were identified as the same materials loaded on the truck at the building site.
The appellant offered evidence of Mr. Harry who worked for West Building Materials in Sylacauga, Alabama, which tended to prove that appellant had on the afternoon of August 2, 1977 bought some plywood and nails from West Building Materials store in Sylacauga.
In rebuttal the state offered evidence that tended to prove that appellant had not bought any plywood and nails from West Building Materials in Sylacauga on the 2nd. day of August, 1977.
When there is a conflict in the evidence, the inferences to be drawn from the evidence, the weight of the evidence, and the credibility of the witnesses are all questions for the jury. We hold that the evidence is sufficient to support the jury verdict, and that the trial court did not err in overruling the appellant's motion for a new trial. Vaughn v. State,57 Ala. App. 134, 326 So.2d 662; Byrd v. State, 213 Ala. 333,104 So. 830; Hunter v. State, 55 Ala. App. 475, 316 So.2d 722. *Page 400 
We have searched the record for any errors prejudicial to the defendant and have found none.
The judgment of the trial court should be affirmed.
The foregoing opinion was prepared by the Honorable Joseph J. Mullins, a retired Circuit Judge, serving as a Judge of this Court under the provisions of Section 6.10 of the new Judicial Article (Constitutional Amendment No. 328, Act # 1051, 1973); his opinion is hereby adopted as that of the Court.
The judgment below is hereby affirmed.
AFFIRMED.
All the Judges concur. *Page 648