421 So.2d 1299 (1981)
Mack APLIN
v.
STATE.
4 Div. 893
Court of Criminal Appeals of Alabama.
December 29, 1981.
On Return to Remand August 24, 1982.
Rehearing Denied October 12, 1982.
Certiorari Denied, November 24, 1982.
*1300 John E. Byrd of Byrd, Carter & Smith, Dothan, for appellant.
Charles A. Graddick, Atty. Gen., and Jeffrey H. Long, Asst. Atty. Gen., for appellee.
Alabama Supreme Court 82-55.
DeCARLO, Judge.
Possession of marijuana; one year imprisonment with four years probation.
On June 3, 1980, Houston County Deputy Sheriff Leroy Wood received information that a white male carrying a shotgun, scoop, and white bucket had been seen leaving the area behind the home of Paul Adams. Around 11:00 A.M., Deputies Wood and Charles Odom inspected the vicinity and found 10 marijuana plants of varying sizes growing in a wooded area near a creek about a quarter of a mile behind the Adams residence.
At 5:00 A.M. on June 4, 1980, they returned and kept the area under continuous surveillance. Around 7:00 P.M., Deputy Wood, who was hiding in the underbrush, saw a man whom he identified as the appellant walking down a path toward the plants. Deputy Wood stated that appellant was carrying a five-gallon bucket and was watering the marijuana plants.
Around 1:00 P.M. the next day, appellant was arrested for possession of marijuana. He was transported from work to the Adams' residence where Deputy Wood advised him of his Miranda rights.
Deputy Wood overheard a conversation between appellant and Adams in which appellant asked Adams, "What in the hell is going on?" to which Adams replied, "We're under arrest for possession of marijuana. They have found our patch and seen us tending to it." Appellant answered, "how in the hell could they because we didn't come out of the woods until seven, 7:30 last night."
Deputy Wood stated that on June 5 the marijuana plants were gathered and given to him. He bundled them together, placed them in the county van, and transported them to the ABC office where they were locked up. On June 6, 1980, he transported the plants to the crime lab at Enterprise. Deputy Wood stated that the plants were in the same condition when he delivered them as when he received them except that they had wilted and were tied together.
Houston County Deputy Sheriff Charles Odom testified that he participated in the June 4 stake-out of the marijuana plants. From his position he saw two men walk down a trail toward the plants. He was able to identify appellant as one of the men but he could not identify the other.
On June 5, he, Deputy Wood, and others returned to the area to make an arrest. Deputy Bryant was sent to arrest appellant at his place of employment and return him to the Adams' residence. Once there, Deputy Odom overheard the conversation between appellant and Adams, to which he testified in substantially the same manner as Deputy Wood.
Houston County Deputy Sheriff Kenneth Bryant testified that around 1:47 P.M. on June 6, 1980, he arrested appellant at his place of employment. Deputy Bryant handcuffed appellant, read him his Miranda rights, and transported him to the Adams' residence. He stated that appellant was brought there because a search was being conducted and appellant's presence was requested.
Once arriving at the Adams' residence, appellant was allowed out of the patrol car. *1301 He walked over to Adams and began a conversation which Deputy Bryant overheard. Bryant recited the same conversation, in substance, as that recalled by Deputies Wood and Odom.
Lieutenant Gerald Mundy of the Houston County Sheriff's Department testified that he was present at the Adams' residence on June 5, and he also overheard the same conversation between appellant and Adams. Mundy stated that several relatives of both men were also present. He said that appellant was not being questioned at the time he conversed with Adams and was separated from him immediately afterward.
Houston County Sheriff A.B. Clark and Chief Deputy O.E. Jones testified that they gathered the marijuana plants and turned them over to Deputy Wood. They both testified that the plants were in the same condition when they turned them over to Deputy Wood as when they gathered them.
Joe Saloom of the Department of Forensic Sciences testified that on June 6, 1980, he received several marijuana plants from Deputies Wood and Odom. He took representative samples from the plants, tested them, and determined that they were marijuana.
Ms. Judy Byrd testified that she was custodian of all Houston Circuit Court felony records. She identified a certified copy of a judgment entry pertaining to a prior marijuana conviction of appellant as a record within her care and custody. The record was admitted into evidence. Afterwards, appellant stipulated that the judgment entry reflected a prior conviction pertaining to him.
At the conclusion of the State's case, appellant moved to exclude the evidence for failure to prove a prima facie case. The trial court overruled appellant's motion.
Appellant's evidence attempted to establish an alibi that on June 4 he was doing various household jobs from the time he arrived home from work at 5:30 P.M., until about 8:00 or 9:00 P.M.

I
Appellant contends that the trial court improperly allowed Deputy Wood to testify to the substance of his conversation with Paul Adams as it constituted hearsay testimony. The trial court gave as the basis for its ruling that the statements were part of the res gestae and fell within an exception to the hearsay rule.
Statements inculpatory in nature made by an accused which directly relate to facts or circumstances of the crime and his participation therein, are subject to the same rules of admissibility as are confessions; that is they are prima facie involuntary and inadmissible, but proof of the circumstances attending their narration which establishes their voluntary nature is sufficient without the customary voluntariness predicate. Drake v. State, 257 Ala. 205, 57 So.2d 817 (1952); Carroll v. State, Ala.Cr. App., 370 So.2d 749, cert. denied, Ala. 370 So.2d 761 (1979); Kendrick v. State, 55 Ala. App. 11, 312 So.2d 583 (1975).
In the instant cause, appellant had twice been apprised of his Miranda rights, initially when he was arrested and later immediately prior to his conversation with Adams. He initiated the conversation by first speaking to Adams. In addition, appellant was not being questioned by law enforcement officers at the time he talked to Adams and his statements were not the result of any custodial interrogation by them. Moreover, appellant's statements were made to a private individual, friend, and family member by marriage whose statements to appellant were apparently not made or initiated at the direction of any law enforcement officer. We find appellant's statements to be voluntary, spontaneous comments made freely without instigation or prompting by the law enforcement officers present.
Thus, the trial court properly admitted Deputy Wood's testimony concerning appellant's conversation with Adams into evidence. See generally Floyd v. State, Ala. Cr.App., 375 So.2d 277 (1978), cert. denied, Ala., 375 So.2d 280 (1979); Beachum v. State, Ala.Cr.App., 346 So.2d 531 (1977).

*1302 II
Appellant asserts that the trial court erred in failing to give curative instructions to the jury regarding a portion of the State's closing argument. Appellant's objection to the argument was sustained and his motion to exclude it from the jury's consideration was granted.
Appellant argues that the trial court should have given, ex mero motu, a curative instruction to the jury instructing it to disregard the objectionable portion of the State's argument.
No ruling adverse to appellant was made by the trial court. There was no request for a curative instruction and no objection to the failure of the trial court to give such an instruction. Thus, nothing exists from which appellant may appeal. Yates v. State, Ala.Cr.App., 390 So.2d 32 (1980); Matthews v. State, 16 Ala.App. 514, 79 So. 507 (1918); See also Nichols v. State, 267 Ala. 217, 100 So.2d 750 (1958); Anderson v. State, 209 Ala. 36, 95 So. 171 (1922). In addition, the comment was not so grossly improper and highly prejudicial to appellant that the trial court should have given a curative instruction on its own. Nichols, supra; Anderson, supra.

III
We have examined the evidence in this case and have found it sufficient for the jury to have concluded that appellant committed the act charged; therefore, the trial court properly denied his motion to exclude the State's evidence. Yarbrough v. State, Ala.Cr.App., 405 So.2d 721, (6 Div. 335 Ms. June 23, 1981).

IV
After the jury found appellant guilty, the State requested a pre-sentence report and investigation. The trial court ordered the report and on January 16, 1981, held a hearing prior to sentencing. The pre-sentence report revealed, in addition to the prior felony conviction appellant admitted during the trial, several other prior felony convictions.
The record reveals that the report was prepared on November 21, 1980, and submitted to the trial court on the day of sentencing. It also illustrates that the trial court had reviewed the report prior to the hearing. Further, the record indicates that the district attorney was aware of appellant's prior convictions: "We just point out his [appellant's] record. And that's all, Your Honor." It is also obvious that the appellant's counsel previously reviewed the report and knew of appellant's prior record.
Section 13A-5-9, Code of Alabama (Supp.1981), mandates that once it is shown that a criminal defendant has been previously convicted of any felony and afterwards has committed another felony, he must be punished under the Habitual Felony Offender Act.
Once the prosecutor has knowledge of an accused's prior record, he must, as an officer of the court, make the convictions known to the trial court in order that the judge may sentence the accused in accordance with the clear mandate of the recidivist statute. Miliner v. State, Ala.Cr.App., 414 So.2d 133, (1981). Consequently, the prosecution has no discretion in apprising the trial court of an accused's prior convictions if he is aware of them.
The record is clear that both parties and the trial court knew of appellant's prior convictions before he was sentenced. At this point the prosecution should have informed the trial court of the applicability of the habitual felony offender statute and given notice to the appellant of the State's intention to request sentencing under the act.
Assuming that the prosecution did not have knowledge of appellant's prior convictions until the day of appellant's sentencing hearing, it should have requested a continuance in order to cure any defects in notice. Smith v. State, Ala.Cr.App., 401 So.2d 251, cert. denied, Ala., 401 So.2d 257 (1981).
In Motley v. State, Ala.Cr.App., 409 So.2d 945, (1981), we held that narcotics convictions *1303 under § 20-2-70, supra, were to be considered as Class C felonies for purposes of applying the Habitual Felony Offender Act. § 13A-5-4, Code of Alabama (Amended 1977).
We remand this cause to the trial court with directions to conduct another sentencing hearing applying the Habitual Felony Offender Act. The State should, a reasonable time prior to the hearing, notify appellant of the prior convictions under which it plans to proceed, although for all practical purposes appellant has already been informed. All parties should be present and any evidence offered should be recorded for this court's review. A complete transcript of these proceedings shall then be transmitted to this court for review.
REMANDED WITH DIRECTIONS.
All the Judges concur.

ON RETURN TO REMAND
DeCARLO, Judge.
The transcript submitted on Return to Remand shows that a sentencing hearing was conducted by the trial judge with the appellant, his attorney, and the district attorney present. Testimony was taken at that time and the record demonstrates a clear compliance with § 13A-5-9, Code of Alabama 1975, and this court's request on remandment.
Therefore the judgment of conviction by the Houston Circuit Court is affirmed.
AFFIRMED.
All the Judges concur.