Appellant was convicted of the offense of trafficking in cocaine and heroin in violation of § 20-2-80 (2)(a) and §20-2-80 (3)(a), Code of Alabama 1975. After trial, a sentencing hearing was held and the appellant was sentenced to 25 years in prison and fined $50,000.00. From said conviction and sentence, this appeal follows.
On February 17, 1984, appellant was arrested for violation of the Alabama Uniform Controlled Substances Act when he delivered prohibited contraband to a government informer. Although the case was tried in Talladega County, Alabama, where local counsel had been obtained, "lead counsel" was from Birmingham, Alabama. Because of a scheduling conflict, lead counsel was not present during the jury selection. On appeal, appellant submits the following arguments: (1) Even though local counsel participated in the striking of the jury, the presence of lead counsel was necessary at the time the jury was selected; (2) During closing arguments, the prosecution made improper and prejudicial statements to the jury; and (3) During closing arguments, the prosecution improperly commented on the failure of the appellant's sister to testify at trial. For the reasons outlined below, none of appellant's contentions have merit and thus the verdict and conviction of the trial court are due to be affirmed.
 I.
The first argument presented by the appellant asserts that the failure of the trial court to allow a continuance of the jury selection until such time as lead counsel could be present constitutes error. However, on more than one occasion, at appellant's request, a continuance of the appellant's trial had already been obtained and the trial setting had been rescheduled. In fact, on the week that the jury selection and trial finally took place, the matter had been originally set for Monday and then passed until later on in the week at the request of the appellant.[1] Appellant contends that the failure to have lead counsel present during the time that the jury was selected constitutes a denial of appellant's constitutional right to be represented by counsel of his own choosing. In support of his position, appellant cites the case of Davis v.State, 292 Ala. 210, 291 So.2d 346 (1974).[2] Davis, however, is distinguishable from the present case, since the actual trial of the case, and not the mere presence of lead counsel during jury selection, was involved. As the United States Supreme Court has noted, there is no "mechanical test" which can be used to evaluate when a continuance should be granted by the trial court; rather, the circumstances present in every case must be considered. Ungar v. Sarafite, 376 U.S. 575, 589,84 S.Ct. 841, 849, 11 L.Ed.2d 921 rehearing denied, 377 U.S. 925,84 S.Ct. 1218, 12 L.Ed.2d 217 (1964).
In a recent Texas case, the appellate court concluded that it was proper for the trial court to allow lead counsel's law partner to select the jury where the "reception of evidence" was delayed until the next day when "lead counsel" could be present. Ex parte Windham, 634 S.W.2d 718, 719 (Tex.Cr.App. 1982). In its discussion of the case, the court stated as follows:
 "The Supreme Court has long recognized that an accused `should be afforded *Page 1256 
a fair opportunity to secure counsel of his own choice.' [Citations omitted.] However the right to obtain counsel of one's own choice is neither unqualified nor absolute. [Citations omitted.] Thus that right must be balanced with a trial court's need for prompt and efficient administration of justice.
 "In reviewing the circumstances of each case various factors must be weighed against one another. While not a complete listing, some of the factors include the following: (1) the length of the delay requested, (2) whether other continuances were requested and whether they were denied or granted, (3) the length of time in which the accused's counsel had to prepare for trial, (4) whether another competent attorney was prepared to try the case, (5) the balanced convenience or inconvenience to the witnesses, the opposing counsel, and the trial court, (6) whether the delay is for legitimate or contrived reasons, (7) whether the case was complex or simple, (8) whether a denial of the motion resulted in some identifiable harm to the defendant, (9) the quality of legal representation actually provided. [Citations omitted.] In addition to all of these factors, it must be remembered that the public interest in the fair and orderly administration of justice may be greater than a defendant's right to have counsel of his choice. [Citations omitted.]" 634 S.W.2d at 720.
In a similar manner, the Louisiana Appellate Court in State v.Spencer, 444 So.2d 354 (La.Ct.App. 1983), concluded that there was no abuse of discretion in the trial court's decision to deny a defense motion for continuance where substitute counsel from the public defender's office was obtained. In Spencer, as in the present case, the jury selection proceeded, but the actual trial of the case was delayed until the original trial counsel could be present.
In a recent federal court case, the Eleventh Circuit Court of Appeals concluded that the trial court did not err when it denied defense counsel's motion for continuance, since defense counsel's law partner was present during the jury selection proceedings. United States v. Marquardt, 695 F.2d 1300 (11th Cir. 1983), cert. denied, 460 U.S. 1093, 103 S.Ct. 1793,76 L.Ed.2d 360 (1983). In Marquardt, the federal court rejected appellant's argument that the trial court's decision forced him to proceed with incompetent counsel during voir dire and stated as follows:
 "The decision whether to grant a continuance is `committed to the deliberate discretion of the trial judge.' [Citation omitted.] The district court clearly did not abuse its discretion in this case. It thoughtfully and carefully decided that Dell [lead counsel's law partner] was competent to proceed. In fact, Marquardt points to no instance during voir dire in which Dell performed inadequately or in which he was prejudiced by Dell's participation in the proceeding. Moreover, the court delayed the swearing in of the jury until Schaefer [lead counsel] made his appearance the following day. This delay allowed Schaefer the opportunity to confer with Dell about the prospective jury and to object to any juror who might be excusable for cause. Schaefer made no such objection, however, and the jury was sworn." 695 F.2d at 1302.
Here, as in Marquardt, the trial court delayed the swearing in of the jury until such time as lead counsel could be present. Thus, there was no error on the part of the trial court.[3] *Page 1257 
On appeal, in the present case, appellant alleges no prejudice as a result of any possible "incompetency" in the jury selection and, based on our review of the record, it is apparent that local counsel performed competently. The record clearly indicates that numerous objections were made by local counsel during the jury selection process. Additionally, local counsel participated in proceedings prior to trial and also took an active role in the trial of the case. In fact, when the court asked local counsel his reason for requesting the continuance, counsel simply stated, "I'm not sure what he would say," and requested that he be present "for whatever input he may have." After this exchange, the trial court concluded that the striking of the jury would proceed, but that the trial of the case would be delayed until such time as lead counsel could be present.
Here, we are concerned about the "effective administration of justice", and, as the court in Windham, supra, noted:
 "A court cannot be expected to be constantly rearranging its schedule, with the subsequent impact upon others appearing before the court, when informed on the day set for trial that it is an inconvenient time for the defendant's counsel. To allow this would have the courts making time for the convenience of the attorney. We therefore conclude that in view of the entirety of the circumstances, the trial court did not abuse its discretion." (Citation omitted.) 634 S.W.2d at 721.
In the present case, based upon the "entirety of the circumstances," we also conclude that there was no "abuse of discretion."
 II.
Appellant additionally contends that the trial court committed reversible error when it allowed the prosecution to make improper and "prejudicial" statements during closing argument. In brief, the appellant quotes portions of the record which show, according to the appellant, that the prosecution's argument had a "cumulative prejudicial effect." It is apparent from a review of the entire record, however, that the prosecution's remarks, when considered as a whole or individually, do not create an atmosphere of prejudice, contrary to the position taken by the appellant. In fact, a careful review of the entire record indicates that several of the prosecution's remarks were made in response to statements made by the defense in its closing argument.
In general, wide latitude is given to the State's prosecutors when a response is made during closing argument to an argument previously made by opposing counsel. Richardson v. State,354 So.2d 1193 (Ala.Cr.App. 1978); Proctor v. State, 391 So.2d 1092
(Ala.Cr.App. 1980). Whether such argument is considered proper is within the discretion of the trial court. McCullough v.State, 357 So.2d 397 (Ala.Cr.App. 1978). Here, there was no abuse of discretion on the part of the trial court when it overruled the appellant's objection. Thus, there was no error.
It is clear from a review of the transcript that, in at least one instance, no attempt was made to invoke a ruling from the trial court. Thus, as to these objections, no error was preserved for this court to review. Yates v. State,390 So.2d 32, 35 (Ala.Cr.App. 1980); Robinson v. State, 389 So.2d 144,149 (Ala.Cr.App.), cert. denied, 389 So.2d 151 (Ala. 1980).
Even assuming that the remarks made by the prosecution were not in reference to defense arguments and that a proper ruling was obtained from the trial court, reversible error may not be predicated on statements made by the prosecution which are insignificant, trivial, or incomplete. In order to constitute reversible error, improper *Page 1258 
argument must be pertinent to the issues at trial or its natural tendency must be to influence the finding of the jury.Sanders v. State, 426 So.2d 497 (Ala.Cr.App. 1982); Manigan v.State, 402 So.2d 1063 (Ala.Cr.App.), cert. denied,402 So.2d 1072 (Ala. 1981). Prosecutorial statements which are merely trivial and nonprejudicial are not grounds for error. UnitedStates v. Long, 674 F.2d 848 (11th Cir. 1982). Additionally, the fragmentary nature of several of the quoted statements would require speculation on the part of this court if any additional review is attempted. Miller v. State,380 So.2d 1011, 1012 (Ala.Cr.App. 1980).
Appellant also contends that one of the prosecution's remarks referring to the "separate society" of the jurors was improper. In this case, however, the trial court sustained the defense objection, but there was no request for the trial court to exclude or instruct the jury to disregard the comment. Thus, there is no adverse ruling from which appellant may appeal.Yates v. State, 390 So.2d 32, 35 (Ala.Cr.App. 1980). Additionally, no request for curative instructions from the court was made, which further prevents the appellant from presenting this issue on appeal. Aplin v. State, 421 So.2d 1299
(Ala.Cr.App. 1981). Here, as in Aplin, the remarks were not so "grossly improper" or "highly prejudicial" as to require a curative instruction by the court ex mero motu. Id. at 1302. No reversible error will be found where there is no attempt to obtain corrective action from the trial court. Robinson v.State, 389 So.2d 144, 150 (Ala.Cr.App.), cert. denied,389 So.2d 151 (Ala. 1980). Thus, the rulings of the trial court were proper.
 III.
Appellant's final argument asserts that the prosecution improperly referred to the appellant's failure to call his sister as a witness at trial. In general, a party may not comment on his opponent's failure to call a particular person as a witness where the non-called person is equally "available" or "accessible" to both sides. C. Gamble, McElroy's AlabamaEvidence, § 191.01 (1) (3d ed. 1977). An exception to this general rule occurs when the uncalled witness is related to the non-calling party or would otherwise be biased. Id. at § 191.01 (4). It is presumed that a witness who is closely related to one of the parties is hostile and thus is not equally "available" to both sides. Trahan v. Cook, 288 Ala. 704, 709,265 So.2d 125 (1972). See also, Waller v. State, 242 Ala. 1,4 So.2d 911 (1941).
As a general rule, the failure of a party to call a member of his own family is a matter which can then be commented upon under the following circumstances:
 "Generally, if it happens both (1) that the evidence warrants a finding that a party, at the time of the trial, has one and only one member of his family who has knowledge of a material matter and (2) that such family member is not called as a witness, the opponent may comment on such party's failure to call that family member as a witness. Comment may be made on the opponent's failure to call such a member of his family even though there is nothing to indicate that if the family member testified, his testimony would be other than cumulative of the party's own testimony." McElroy's Alabama Evidence, § 191.01 (4)(b).
In the present case, it is not abundantly clear what the appellant's sister would have been able to add to the proceedings. Assuming that the State had called the appellant's sister, however, it can be assumed that she would have been a hostile witness and would have denied any knowledge of illegal activity on the part of her brother. Thus, the obvious bias requirement exists, as well as the inference that she was "accessible" (in terms of the substance of her testimony) only to the defendant. Since both of these criteria were met, comments made by the prosecution based upon her failure to testify were proper, and thus there was no error. Additionally, the trial court is in the best position to weigh a witness's "equal availability." Harrison v. *Page 1259 Woodley Square Apartments, 421 So.2d 101 (Ala. 1982).
For the reasons outlined above, the decision of the trial court is due to be affirmed.
AFFIRMED.
All the Judges concur.
[1] In the present case, the trial court had originally set appellant's bond at $250,000.00. Appellant requested a reduction of bond and, when the trial court refused the request, the matter was appealed to this court. On February 29, 1984, this court granted appellant's request and ordered that the bond be reduced to $25,000.00. Thus, it can be assumed that appellant was free on bond pending the trial of the case.
[2] In Davis, the defense attorney was attempting to represent two different defendants in two different courtrooms at the same time. The trial court denied defense counsel's request for a five minute recess which counsel requested so that he could complete his appearance in the adjoining courtroom. Thus, the facts in Davis are distinguishable from the present facts.
[3] Similar conclusions have been reached in other federal district court cases. See, for example: U.S. v. Burton,584 F.2d 485 (D.C. 1978), cert. denied, 439 U.S. 1069,99 S.Ct. 837, 59 L.Ed.2d 34 (1979)) (trial court did not abuse its discretion when it denied defense motion for a continuance on the date of trial and noted that "the right to retain counsel of one's own choice is not absolute," id. at 489); U.S. v.McManaman, 653 F.2d 458 (10th Cir. 1981) (no abuse of discretion where request for continuance denied and co-counsel conducted defense); U.S. v. Riccobene, 709 F.2d 214 (3d Cir. 1983), cert. denied by Ciancaglini v. U.S., 464 U.S. 849,104 S.Ct. 157, 78 L.Ed.2d 145 (1983) (continuance of trial not warranted where counsel knew in advance the date of trial and co-counsel represented defendant at trial); U.S. v.Rodriguez-Ramos, 704 F.2d 17 (1st Cir. 1983), cert. denied,463 U.S. 1209, 103 S.Ct. 3542, 77 L.Ed.2d 1391 (1983) (absence of lead counsel at hearing on pretrial motion resulted in no prejudice to the defendant where lead counsel subsequently present during jury selection and trial of the case in chief; only in "extreme circumstances" would such a situation result in a meritorious claim of ineffective assistance of counsel, 704 F.2d at 20.)