JOINER, Judge.
Tony Martrell Hooks appeals his convictions and sentences for one count of first-degree robbery, see § 13A-8-41, AIa.Code 1975, and two counts of second-degree robbery, see § 13A-8^12, Ala.Code 1975. We affirm Hooks’s convictions, but remand this case for the circuit court to reconsider the execution of Hooks’s sentences, which the circuit court split.
Hooks does not challenge the sufficiency of the evidence on appeal; thus, this Court need not provide in extensive detail the facts underlying Hooks’s convictions. In July 2011, Hooks was indicted for three counts of first-degree robbery related to a March 2011 incident in the parking lot of Eastdale Mall in Montgomery. Specifically, it was alleged that Hooks, who was then 17 years old — along with three other individuals — robbed three boys between the ages of 12 and 15, and that Hooks represented during the robberies that he was armed. (R. 25, 33; 67, 74; 196, 205.) Approximately $100 was taken from the victims.
During closing argument, Hooks’s trial counsel argued as follows:
“Or, and/or accomplice — the Judge will read it; it’s a lot of words — was armed and/or represented himself to be armed, either him and/or an accomplice — which, here, based on my client’s own statement, his own statement, says that McCants [another participant in the robbery] says ‘I’ll kill you or I’ll shoot you. Give it up.’ I submit to you that was a joke. I submit to you — now they’re going to tell you that all two or three people said that. Well, that just helps their cause. They [the victims] didn’t tell the Corporal that that night at all.
[[Image here]]
“Just tell the truth. Just say what you told Corporal Davis. That my client when he goes out there knows because he’s been around his cousin that night— remember, they went and bought food or something out in the mall, and he didn’t have any money, and so they go out there. Does he think his cousin is joking? Yes. He’s been with him all night. And he sits there and he says that and his hands are in his pocket, and, God, I forgot that was a crime.
[[Image here]]
“Mr. McCants, now, he might have thought he was being serious, but what did my client think? What did my client think?
“I do think this was milk money gone astray. I do. I think that these boys were out there, these older boys and older boys were out there with them, and they got into words about taking money, and I think that they had some money taken from them. I don’t think they’re making that part up.”
(C. 318-20 (emphasis added).) During rebuttal, the State argued as follows:
“Thank you. Your Honor. It’s insulting and it’s a joke, ladies and gentlemen. *1122 Essentially, what Mr. White is telling you is if you happen to be in the East-dale Mall parking lot at about 11:30 at night and some guys come up to you and say I’ve got a gun, give it up, don’t call the cops because it’s a joke.
“If they’re 18, 19, 16,15 years old and they do it to you, don’t even bother.
“[Defense counsel]: Judge, that is highly inappropriate.
“[State’s attorney]: That—
“[Defense counsel]: I didn’t finish.
“THE COURT: Go ahead, [defense counsel].
“[Defense counsel]: I’d like for you at this time to declare a mistrial. What the State of Alabama is doing is putting these 12 folks out there and saying if they do it to you, if you’re out there— and I know she hasn’t been doing it a long time, but that’s highly inappropriate to put a jury in the place out there and sit there and go if this happens to you, a/k/a, go convict him so he can’t get out there and when they go shopping, sit there and do it to them.
“So at this point. Judge, I’d ask for a mistrial.
“THE COURT: And we’re not going to have one. And, again, ladies and gentlemen, what these lawyers are saying — you’ve already heard the evidence in this case. They’re merely telling you what they think the evidence has shown. What they are saying is not evidence in this case. You’ve already heard the evidence.
“So, [State’s attorney], tell them what you think the evidence has shown in this case.
“[State’s attorney]: Thank you. Your Honor. [Defense counsel] says these boys were out having a good time at the movies and good for them, he said, but that doesn’t mean his client is guilty. He’s right about that.
[[Image here]]
“I don’t have a crystal ball. I guess [defense counsel] does. He told you it didn’t happen, did not happen, and it was all a joke.
“It wasn’t a joke, ladies and gentlemen. What happened to [the victims] was not a joke. They were terrified.
[[Image here]]
“No weapon was found. No money was found. It doesn’t matter. That man, as the evidence has shown you, is guilty of robbing [the victims]. And I ask that you deliberate, you take their testimony into consideration, the defendant’s statement into consideration, and you deliver the only verdict that is just in this case. This is not milk money taken at school. This is serious business, ladies and gentlemen, and it’s robbery in the first degree. Thank you.”
(C. 325-332.)
Hooks was found guilty of one count of first-degree robbery and two counts of second-degree robbery. He was sentenced to 3 concurrent 20-year sentences; those sentences, however, were split, and Hooks was ordered to serve “up to three years” in the custody of the Alabama Department of Corrections, followed by 3 years’ probation. Additionally, Hooks was ordered to pay court costs and a $50 crime victims compensation assessment in each case. (C. 3-4.) Hooks now appeals.
On appeal, Hooks’s sole argument is that “[w]hether the improper argument offered by the State, in closing, unjustly influenced the jury’s verdict.” (Hooks’s brief, p. 1.) In response, the State asserts that Hooks’s argument fails to comply with Rule 28(a)(10), Ala. R.App. P., and, further, that his argument is without merit. We agree with the State.
*1123 “In general, the trial court has broad discretion in controlling closing arguments.” Robinson v. State, 439 So.2d 1328, 1330 (Ala.Crim.App.1983) (citations omitted). “[A] prosecutor is allowed during closing argument to draw reasonable inferences from the evidence presented. In evaluating allegedly prejudicial remarks by the prosecutor in closing argument, the court must judge each case on its own merits, and evaluate the remarks in the context of the entire trial.” Bonner v. State, 921 So.2d 469, 473 (Ala.Crim.App.2005). Further, “[a] prosecutor has a right based on fundamental fairness to reply in kind to the argument of defense counsel.” DeBruce v. State, 651 So.2d 599, 609 (Ala.Crim.App.1993) (citing Ex parte Rutledge, 482 So.2d 1262, 1264 (Ala.1984)).
“The rule in Alabama is that remarks or comments of the prosecuting attorney, including those which might otherwise be improper, are not grounds for reversal when they are invited, provoked, or occasioned by accused’s counsel and are in reply to or retaliation for his acts and statements.” Minor v. State, 914 So.2d 372, 424-25 (Ala.Crim.App.2004) (quotations and citations omitted).
“Replies in kind are generally permissible. Pittman v. State, 153 Ala. 1, 45 So. 245 (1907); Bates v. State, 468 So.2d 207 (Ala.Crim.App.1985). Allowing replies in kind rests within the discretion of the trial court, McCullough v. State, 357 So.2d 397 (Ala.Crim.App.1978), and wide latitude is usually given regarding replies in kind. Richardson v. State, 354 So.2d 1193 (Ala.Crim.App.1978); Evans v. State, 338 So.2d 1033 (Ala.Crim.App.1976); Lane v. State, 46 Ala.App. 637, 247 So.2d 679 (1971); Moody v. State, 40 Ala.App. 373, 113 So.2d 787 (1959); Windham v. State, 35 Ala.App. 547, 50 So.2d 288 (1950); Gills v. State, 35 Ala. App. 119, 45 So.2d 44, cert. denied, 253 Ala. 283, 45 So.2d 51 (1950); York v. State, 34 Ala.App. 188, 39 So.2d 694 (1948), cert. denied, 252 Ala. 158, 3[9] So.2d 697 (1949); Walker v. State, 33 Ala.App. 614, 36 So.2d 117 (1948). ‘When the door is opened by defense counsel’s argument, it swings wide, and a number of areas barred to prosecutorial comment will suddenly be subject to reply. What otherwise would have been improper argument by the prosecutor will be seen as harmless.’ DeFoor, Prosecutorial Misconduct in Closing Argument, 7 Nova L.J. 443, 469-70 (1982-83).”
Davis v. State, 494 So.2d 851, 854-55 (Ala.Crim.App.1986).
“Alabama courts have repeatedly held that a mistrial is a drastic remedy; it is to be used sparingly and only to prevent manifest injustice. The decision whether to grant a mistrial rests within the sound discretion of the trial court and the court’s ruling will not be overturned absent a manifest abuse of that discretion.” Bonner, 921 So.2d at 473.
The citation to and reliance on legal authority in Hooks’s appellant brief is, in total, as follows:
“In order to warrant reversal, an improper argument must be relevant to the issues at trial, or its natural tendency must be to influence the jury. Stanley v. State, CR-06-2236, .... (Ala.Crim.App., Apr. 29, 2011), citing, Mitchell v. State, 480 So.2d 1254, 1257-58 (Ala.Crim.App.1985).”
(Hooks’s brief, p. 8.) The State argues— and we agree — that Hooks’s argument fails to comply with Rule 28(a)(10), Ala. RApp. P. (State’s brief, p. 9-10.)
“Rule 28(a)[ (10) ], Ala. R. App. P., ... requires parties to include in their appellate briefs an argument section with citations to relevant legal authorities and *1124 to portions of the record relied on in their claims for relief.” Hamm v. State, 913 So.2d 460, 486 (Ala.Crim.App.2002). “The purpose of Rule 28, Ala. R.App. P., outlining the requirements for appellate briefs, is to conserve the time and energy of the appellate court and to advise the opposing party of the points he or she is obligated to make.” Ex parte Borden, 60 So.3d 940, 943 (Ala.2007). “ ‘ “It is not the function of this Court to do a party’s legal research or to make and address legal arguments for a party based on undelineated general propositions not supported by sufficient authority or argument.” ’ ” Ex parte Borden, 60 So.3d 940, 943 (Ala.2007) (quoting Butler v. Town of Argo, 871 So.2d 1, 20 (Ala.2003), quoting in turn, Dykes v. Lane Trucking, Inc., 652 So.2d 248, 251 (Ala.1994)).
“Authority supporting only ‘general propositions of law’ does not constitute a sufficient argument for reversal.” Hodges v. State, 926 So.2d 1060, 1074 (Ala.Crim. App.2005). We conclude by recognizing that arguments that do not comply with Rule 28(a)(10), Ala. R.App. P., are deemed waived. See Egbuonu v. State, 993 So.2d 35, 39 (Ala.Crim.App.2007) (“Therefore, as to this issue Egbuonu has failed to comply with Rule 28(a)(10), and the issue [is] deemed to be waived.”).
In support of his argument that he is entitled to a reversal based on the statements by the State in its rebuttal argument, Hooks cites only one case for a general proposition of law; this is insufficient to support his appellate argument, and the argument is deemed waived. See Hodges, 926 So.2d at 1074 (holding that an argument is deemed waived by an appellant who “cite[d] to only a single case for [a] general proposition”).
Moreover, Hooks’s argument is without merit. The State argues—and we agree—that “the prosecutor’s remarks in rebuttal closing argument were nothing more than a reply-in-kind to Hooks’s argument that what he and his accomplices did that night was only a joke or prank.” (State’s brief, p. 16.) Further, we agree with the State that, when taken in context, “the prosecutor was making the point that this was not a laughing matter, and her comments certainly did not urge the jurors to place themselves in the victims’ shoes or imply that if the defendant was not convicted, he might rob them in the mall parking lot one day.” (State’s brief, p. 17.) Accordingly, the circuit court exercised sound discretion when it denied Hooks’s motion for a mistrial, and Hooks is not entitled to relief on appeal. Davis, 494 So.2d at 854-55.
Although neither party raises this issue, we note that the manner in which the circuit court split Hooks’s sentence is illegal. Hooks was sentenced to 3 concurrent 20-year sentences; those sentences, however, were split, and Hooks was sentenced to serve “up to three years” in the custody of the Alabama Department of Corrections. In “cases involving an imposed sentence of greater than 15 years, but not more than 20 years, the sentencing judge may order that the convicted defendant be confined in a prison, jail-type institution, or treatment institution for a period not exceeding five years, but not less than three years ...” § 15-18-8(a)(l), Ala.Code 1975. The circuit court’s sentencing order—which purports to allow Hooks to serve less than the mandatory minimum of a 20-year split sentence—is improper. See generally Moore v. State, 871 So.2d 106, 109 (Ala.Crim.App.2003) (“The 20-year sentence itself ... was within the statutory sentencing range ... and was, therefore, a valid sentence. Only the manner in which the trial court split the sentence is illegal.” (Quotations and citations omitted.)).
*1125 “Therefore, we must remand this case for the circuit court to conduct another sentencing hearing and to reconsider the execution of [Hooks’s] 20-year sentence. Because the 20-year sentence was valid, the circuit court may not change it. See Wood v. State, 602 So.2d 1195 (Ala.Crim.App.1992). However, the court may either split the sentence in compliance with § 15-18-8, i.e., ordering no more than 5 years and no less than 3 years in confinement followed by a definite period of probation, or, if it determines that splitting the sentence is no longer appropriate, it may reinstate the full 20-year sentence.”
Moore, 871 So.2d at 109-110. The circuit court shall take all necessary action to see that the circuit clerk makes due return to this Court at the earliest possible time and within 42 days after the release of this opinion. The return to remand shall include a transcript of the proceedings conducted on remand.
For the foregoing reasons, we affirm Hooks’s convictions but remand this case to the circuit court for it to reconsider the execution of Hooks’s split sentences.
AFFIRMED IN PART; REMANDED WITH INSTRUCTIONS. 
WINDOM, P.J., and WELCH, KELLUM, and BURKE, JJ., concur.