CARTER, Judge:
Defendant, James Norman, was convicted by jury of having committed simple burglary of a Baton Rouge motel in violation of LSA-R.S. 14:62. He was sentenced to serve one year without hard labor in the custody of the East Baton Rouge Parish Sheriff. Defendant appeals assigning as error the trial court’s denial of his fifth motion for continuance of sentencing.[1]
SPECIFICATION OF ERROR — DENIAL OF CONTINUANCE OF SENTENCING
Defendant contends that the trial court erred in refusing to grant him a fifth continuance in sentencing. At the time of his conviction, defendant was apparently suffering from lung cancer. On several occasions he was brought before the trial judge for sentencing and defendant was granted continuances upon recommendation of his physician, apparently because of his problem with cancer. However, on this fifth motion for continuance of sentencing, defendant contended that he was suffering from bronchitis which would require hospitalization and also that he had a doctor’s appointment for cancer treatment. The trial court denied his motion and sentenced defendant with the provision that arrangements be made for defendant to be available for all medical appointments he had previously scheduled.
Defendant urges that the trial court abused its discretion in refusing his motion for continuance as provided under the provisions of LSA-C.Cr.P. art. 712. He asserts *334 that his bronchitis constituted good grounds for the trial court to grant a continuance and that the trial court should have considered the added costs to the State in having a'defendant with medical problems in its custody. We do not see this as an issue affecting defendant’s rights. It is the State’s responsibility to provide people in its custody with adequate medical treatment. Apparently, the State has adequately carried out its responsibilities in this case since there are no complaints about medical services provided.
The grant or denial of a motion for continuance rests within the sound discretion of the trial court and its ruling will not be disturbed absent a showing of clear abuse of discretion. State v. Huizar, 414 So.2d 741 (La.1982); State v. Long, 408 So.2d 1221 (La.1982); State v. Meredith, 400 So.2d 580 (La.1981). Whether the trial court has exercised its discretion reasonably depends primarily on the facts and circumstances of each case.
An examination of the record clearly reveals no abuse of discretion on the part of the trial judge. With the instant conviction, defendant was a fourth felony offender and received a very light sentence because of his physical problems. The trial judge made adequate provisions for defendant to keep all medical appointments defendant had scheduled, and there is no allegation that the State has not provided adequate medical services or treatment.
Although there is no provision in the Code of Criminal Procedure for frivolous appeals, the instant appeal clearly demonstrates the need therefor. Constitutional and legal rights of all citizens should be zealously guarded and protected in every respect. However, the instant appeal is a classic example of the type of frivolity that needlessly consumes the taxpayer’s money, wastes judicial time, and if same continues and multiplies will certainly adversely affect the expeditous administration of criminal justice.
This assignment of error is clearly without merit.
DECREE
The defendant’s conviction and sentence are affirmed.
AFFIRMED.

. The Court minutes indicate four previous motions for continuance of sentencing requested by defendant and granted by the trial court. Both defendant and the State in brief erroneously set forth the number of continuances requested by the defendant.