434 So.2d 1166 (1983)
STATE of Louisiana
v.
Ricky Lee BROWN.
No. 82-KA-0896.
Court of Appeal of Louisiana, First Circuit.
June 28, 1983.
*1167 Stephen E. Caillouet, Asst. Dist. Atty., Thibodaux, for State of La., plaintiff.
F. Smith Knobloch, Thibodaux, for Ricky Lee Brown, defendant.
Before EDWARDS, WATKINS and SHORTESS, JJ.
EDWARDS, Judge.
Defendant, Ricky Lee Brown, was charged by bill of information with simple arson where damages totaled $500.00 or more. A jury convicted defendant as charged, and he was sentenced to fifteen years imprisonment at hard labor.

BACKGROUND FACTS
On the night of November 25, 1981, the Danos and Curole Building in Lafourche Parish burned. An investigation revealed arson as the cause.
Subsequently, on December 26, 1981, Major Kenneth Doucet and Detective Aubrey Authement of the Lafourche Parish Sheriff's Office arrested defendant and charged him with simple arson. Doucet and Authement acted on information supplied by Nancy McWilliams, defendant's neighbor. McWilliams informed the officers that on the night of the fire, Sandra Shelton, defendant's girlfriend, came over to her house and told her that defendant was going to burn down the Danos and Curole Building.
Shortly after his arrest, defendant waived his rights and signed a written confession. Over defendant's objections at trial, McWilliams testified as to Shelton's statement and defendant's confession was entered into evidence. On appeal, defendant alleges several assignments of error, which will now be considered.

ASSIGNMENT OF ERROR NOS. 1-3
The first three assignments concern the trial judge's denial of several motions for a mistrial by defendant. Each assignment has a separate basis for mistrial, but all three are founded on La.C.Cr.P. art. 775, which reads in pertinent part:
"Upon motion of a defendant, a mistrial shall be ordered, and in a jury case the jury dismissed, when prejudicial conduct in or outside the courtroom makes it impossible for the defendant to obtain a fair trial, or when authorized by article 770 or 771."
It is well-established that mistrial is a drastic remedy and should be declared only when unnecessary prejudice results to the accused. State v. Smith, 430 So.2d 31 (2/23/83). The determination of whether prejudice has resulted lies within the sound discretion of the judge. State v. Smith, supra.
As to assignment of error No. 1, defendant contends that the court erred in denying his motion for mistrial based on the alleged prejudicial effect of defendant's appearance before the jury in hand and ankle cuffs on four occasions. Defendant alleges that such appearances imply that he is of a dangerous or violent nature, and indicate that he is currently incarcerated.
However, the trial judge found that if such appearances were prejudicial, they were not prejudicial to the point of necessitating a mistrial. The cuffs were used only for security in transportation and were removed from defendant shortly after entering the courtroom. The judge noted that the jurors were questioned extensively on the presumption of innocence. Moreover, the judge admonished the jury to disregard the use of cuffs on defendant. We find no abuse of discretion in the judge's denial of defendant's motion for mistrial.
*1168 In assignment No. 2, defendant contends that the trial judge again erred in denying his motion for mistrial based on the prejudicial effect of a remark made by a prospective juror during the voir dire. As he entered the courtroom, this juror made a statement in French which translates, "What tree are we going to hang him on?"
The judge properly chastised the juror and excused him for cause. Moreover, in denying defendant's motion, the judge stated that he admonished the jury to disregard the remark. There has been no showing that the remark affected the other jurors or that defendant was prejudiced. We find no error in the denial of the mistrial.
In assignment No. 3, defendant contends that the judge erred in denying a mistrial because of the prejudicial effect of testimony by Major Doucet, which alluded to an admission by defendant for which no notice had been provided under La.C.Cr.P. art. 768. The testimony was as follows:
Q: So you weren't involved in the actual booking of the defendant or in the questioning of him?
A: No, sir. The only question I've done to him was on the way to the sheriff's office where I informed him that he was being placed under arrest and charged with simple arson and that after advising him of his rights, he did admit that he .... (Trial Record p. 87-88.)
The defendant immediately objected and the State withdrew the question. Defendant then moved for a mistrial because no notice of an inculpatory statement to Major Doucet had been given. In denying the motion, the judge stated that no prejudice occurred, and admonished the jury to disregard Major Doucet's answer as not being responsive to the question.
We find no error in the denial of a mistrial. The witness was prevented from finishing and no inculpatory statement was presented to the jury. There was no resulting prejudice to the defendant.

ASSIGNMENT OF ERROR NO. 4
In this assignment, defendant contends that the judge erred in admitting the hearsay testimony of Nancy McWilliams pertaining to a conversation she had with Sandra Shelton, defendant's girlfriend. At trial, McWilliams testified that Shelton came to her house on the night of the fire and told her that defendant was going to burn down the Danos and Curole Building. McWilliams noted that Shelton was very upset and hysterical. The trial judge ruled this testimony to be admissible under the "excited utterance" exception to a general prohibition against hearsay testimony.
We find no error in the trial judge's ruling. McWilliams' testimony indicates Shelton was emotionally upset and that her statements were spontaneous and not indicative of normal reflective and fabricative thought processes. State v. Smith, 285 So.2d 240 (La.1973).

ASSIGNMENT OF ERROR NO. 5
Defendant alleges that the trial judge erred in admitting defendant's confession into evidence because the State had failed to establish that he had intelligently waived his rights.
Prior to trial, defendant attempted to suppress the confession on the grounds of improper inducement. At the hearing, the State presented evidence that defendant understood the rights he was waiving and that no inducements were offered. Defendant presented no evidence in rebuttal. The trial judge found that the confession was properly obtained and denied the motion to suppress.
At trial, the State again proved that defendant's confession was freely and voluntarily made and was not the result of threats, coercion, or promises. Defendant offered no testimony in rebuttal.
The admissibility of a confession is a matter for determination by the trial judge, and his conclusions will not be disturbed unless they are not supported by the evidence. State v. Burkhalter, 428 So.2d 449 (2/23/83). We find the record supports the conclusion that defendant confessed after a knowing and voluntary waiver of his rights. Defendant's assignment lacks merit.

*1169 ERROR PATENT
The penalty provision for simple arson of $500.00 damages or more requires that both a fine and imprisonment be imposed. R.S. 14:52. In this case, however, defendant was only given a term of imprisonment. Failure to impose the required fine renders a sentence illegal. State v. Williams, 420 So.2d 686 (La.App. 1st Cir. 1983); State v. Napoli, 428 So.2d 957 (La.App. 1st Cir.1983).
In sentencing, the trial judge indicated that a fine would serve no purpose since defendant was destitute. However, in this situation, proper procedure requires us to remand the case to allow the trial judge to resentence defendant to a term of imprisonment and include a fine. Such fine could then be suspended in the judge's discretion.

DECREE
Accordingly, the defendant's conviction is affirmed. However, the case is remanded to the trial court for resentencing in accordance with the above-expressed reasons.
AFFIRMED IN PART; REMANDED IN PART.