444 So.2d 354 (1983)
STATE of Louisiana
v.
George R. SPENCER.
No. 83 KA 0847.
Court of Appeal of Louisiana, First Circuit.
December 22, 1983.
*355 Johnny McGary, Asst. Dist. Atty., Amite, for plaintiff-appellee.
Richard A. Schwartz, Asst. Public Defender, Amite, for defendant-appellant.
Before PONDER, WATKINS and CARTER, JJ.
WATKINS, Judge.
Defendant, George R. Spencer, was charged by bill of information with three counts of negligent homicide, violations of LSA-R.S. 14:32. The charges arise out of an automobile accident wherein three persons who were passengers in a vehicle struck by defendant died as a result of injuries sustained in the collision. A jury convicted defendant as charged, and he was subsequently sentenced to serve three years on each count, the sentences to be served consecutively. He has appealed, alleging two assignments of error.
ASSIGNMENT OF ERROR NUMBER ONE:
The basis for this assignment of error is the denial of an oral request for continuance by defense counsel in order to permit Richard Schwartz, defendant's trial counsel, to conduct the voir dire examination, since Mr. Schwartz was going to represent the defendant at trial. Defendant was represented by the office of the public defender for the Twenty-First Judicial District throughout these proceedings. Mr. Schwartz had been subpoenaed to appear out of town on the morning of the trial, although he expected to return prior to trial. The voir dire examination was conducted by Richard Macaluso, another attorney *356 for the office of the public defender, who had represented defendant at the preliminary hearing.
Defendant filed a motion to quash the bill of information which was heard and denied on the morning that the trial was scheduled. Mr. Macaluso represented defendant at the hearing and, at the close of the hearing, orally requested a continuance until the afternoon so that Mr. Schwartz could conduct the voir dire examination. The court refused to grant the continuance and proceeded with the selection of the jury. After the jury was chosen, court was recessed until the following morning, at which time the trial began with Mr. Schwartz representing the defendant.
A motion for a continuance must be in writing and allege specifically the grounds upon which it is based. State v. Buckenburger, 428 So.2d 966 (La.App. 1st Cir.1983); LSA-C.Cr.P. art. 707. An oral motion presents nothing for the court to review. State v. Buckenburger, supra. Where the occurrences that allegedly make the continuance necessary arose unexpectedly, and defense had no opportunity to prepare a written motion, the court may review the denial. See, State v. Washington, 407 So.2d 1138 (La.1981). The granting or denial of a motion for continuance rests within the sound discretion of the trial court, and its ruling will not be disturbed absent a showing of clear abuse of discretion. State v. Norman, 432 So.2d 332 (La.App. 1st Cir.1983).
We find no abuse of discretion in the denial of the motion for continuance, although the particular attorney of the public defender's office who had been assigned to try this case had been subpoenaed to appear out of town. Presumably, once subpoenaed, counsel would have had sufficient opportunity to prepare a written motion; moreover, substitute counsel from the same office should have been able to review defendant's file in time to be sufficiently apprised of the facts of the case to adequately prepare for jury selection, particularly since the attorney who was present at voir dire had represented the defendant at the preliminary hearing. We find no prejudice to the defendant and no error in the court's ruling.
ASSIGNMENT OF ERROR NUMBER TWO:
In this assignment of error, defendant contends that the trial court erred in failing to grant a mistrial when the state attempted to impeach defendant's credibility by questioning him about his prior criminal record. Defense counsel contends that he was denied discovery of defendant's prior criminal record, although discovery was properly sought. Specifically, the state cross-examined defendant with regard to a conviction for the forgery of a check in Arkansas, although the defense contends the prosecution failed to furnish such information to defense counsel upon the defense's seeking such information on discovery. When the state alluded to the prior conviction in the process of cross-examining defendant, defense counsel immediately objected and requested a mistrial on the grounds that such information was not furnished on discovery. The state contended that the information had been provided to the office of the public defender, although the assistant district attorney could not specify which attorney in the office had actually received the notification.
The court denied the motion for the mistrial.
Unquestionably, the state is entitled to attempt to impeach the credibility of defendant by evidence of prior convictions once he has testified. LSA-R.S. 15:495; State v. Connor, 403 So.2d 678 (La.1981). The sole issue, then, is whether the State complied with the discovery procedures by producing evidence of other crimes of which defendant was convicted.
Upon motion of a defendant, the court shall order the district attorney or the appropriate law enforcement agency to furnish to defendant a copy of any record of his criminal arrests and convictions that is in their possession or custody. LSA-C. Cr.P. art. 717. The Code of Criminal Procedure, *357 in article 729.5, provides sanctions for the failure to comply with the statutory procedures as follows (in pertinent part):
"A. If at any time during the course of the proceedings it is brought to the attention of the court that a party has failed to comply with this Chapter or with an order issued pursuant to this Chapter, the court may order such party to permit the discovery or inspection, grant a continuance, order a mistrial on motion of the defendant, prohibit the party from introducing into evidence the subject matter not disclosed, or enter such other order, other than dismissal, as may be appropriate."
Mistrial is a drastic remedy and should be declared only when unnecessary prejudice results to the accused. The determination of whether prejudice has resulted lies within the sound discretion of the judge. State v. Brown, 434 So.2d 1166 (La.App. 1st Cir.1983).
The trial court herein, presumably familiar with the operation of the exchange of information between the office of the public defender and the state, determined that the information sought had been provided to someone in the office of the public defender and, therefore, no cause existed for the imposition of sanctions. The assistant district attorney insisted categorically that the information concerning prior criminal record had been provided. Because several different attorneys from the office of the public defender had represented defendant during these proceedings, we cannot find error in the determination by the court that the information had been presented to someone on the staff of that agency.
Moreover, we note that, even if the state had not complied with the discovery procedures, that fact alone will not warrant an automatic reversal. Instead, the court must examine the circumstances to determine whether or not defendant was actually prejudiced by the nondisclosure, and whether or not the ruling of the trial judge was correct. State v. Hooks, 421 So.2d 880 (La.1982). The evidence offered herein was not offered to show defendant was of poor character, but to impeach his credibility. In light of the overwhelming evidence of defendant's guilt, we find the jury's verdict would not have been altered even if the State had not alluded to defendant's prior conviction.
The conviction and sentence are affirmed.
CONVICTION AND SENTENCE AFFIRMED.