JASPER E. JONES, Judge.
The defendant, Joseph Presley, was convicted by a jury of aggravated rape, violations of LSA-R.S. 14:41, 42.[1] He was sentenced to life imprisonment at hard labor without the benefit of parole, probation or suspension of sentence. The defendant appeals the conviction asserting two assignments of error.
We affirm.
FACTS
On March 12,1985, Jennifer Presley, age 9, informed her mother that the defendant, the natural father, had sexually assaulted her. The child was taken that day to see Dr. W.L. Dillard but an examination was deferred until March 14, 1985, due to the emotional condition of the child. On this latter date Dr. Dillard discovered that the lower part of the child’s vagina had been dilated and enlarged in excess of what would be expected for a virginal state but that the hymenal ring, approximately ¾" — ½" from the edge of the organ, had not been broken. Dr. Dillard reported his findings to the, Office of Child Protection of the Department of Health and Human Resources. A subsequent investigation of the child’s allegations resulted in the defendant’s arrest, indictment, conviction, and sentence.
The defendant appeals the conviction and asserts the following two assignments of error:
*467 (Assignment of Error # 1) — The court erred in denying defense counsel’s request to be allowed to have the defendant present during questioning of defense witnesses after the witnesses had been sequestered under LSA-C.Cr.P. art. 764.
(Assignment of Error # 2) — The state failed to prove beyond a reasonable doubt that the crime occurred in DeSoto Parish, Louisiana, the venue for the trial.
{Assignment of Error #1) — Did the trial court err in excluding the defendant from participating in questioning his witnesses who were sequestered?
The record shows counsel for the defendant subpoenaed a number of prospective witnesses for trial. One week later, at the voir dire of the potential jurors, counsel for the defendant asked that only the state’s witnesses be sequestered. The court, upon request by the state, placed all witnesses under the rule. Defense counsel then requested the court modify its order to allow the defendant to participate with his attorney in the pretrial direct questioning of the defense witnesses. When the judge asked why the defendant’s presence was necessary counsel responded that the defendant had indicated basically what the potential witnesses would say but that defendant’s presence was needed to ascertain more clearly what their testimony would be as some of the defense witnesses might not be needed. The court ruled that such conduct might constitute a group discussion in violation of the law and denied the request.

Law On Sequestration of Witnesses

Upon request by the state or defendant the court shall order that witnesses ... refrain from discussing the facts of the case or the testimony of any witness with anyone other than the district attorney or defense counsel. The court may modify its order in the interest of justice. LSA-C. Cr.P. art. 764.[2] The purpose of the rule of sequestration is to assure that a witness will testify from his own knowledge without being influenced by prior witnesses and to strengthen the role of cross-examination in developing facts. Cf. State v. Jackson, 452 So.2d 1225 (La.App.2d Cir.1984). The trial court is vested with much discretion in modifying a sequestration. State v. Marchese, 430 So.2d 1303 (La.App. 1st Cir. 1983).

Should the defendant have been excluded?

The defendant argues the court’s refusal to modify the sequestration order to permit his presence with his witnesses while his attorney interviewed them prevented his attorney from properly preparing the testimony of the witnesses for trial. This contention has no merit because the defense attorney knew the identity of these witnesses a week before trial and for this reason he could have interviewed them well in advance of trial after full consultation with the defendant. Any poor preparation of the defense witnesses for trial cannot be attributed to the trial judge’s refusal to modify the sequestration order. We further note the defendant makes no specific contention that the refusal of the trial judge to modify the sequestration order affected the testimony of any of his witnesses in any manner which caused him any substantial prejudice.
The defendant also contends that because there had been no decision made that he would take the stand as a witness in his own defense at the time the trial judge refused to modify the sequestration order, that the trial judge erred in refusing to let him participate with his attorney in discuss *468 ing with the witnesses their proposed testimony. This contention has no merit because whether or not the defendant was to be a witness at his own trial is not the sole consideration for denying him the right to discuss his case with his witnesses who are under sequestration. One purpose of preventing a witness from discussing the case with others is to assure that the witness will testify only from his own memory uninfluenced by a discussion of the facts with someone else familiar with the case. A discussion of the case by a sequestrated witness with the defendant would create a real possibility that the defendant would influence the testimony of the witness. The trial judge did not abuse his discretion when he refused to modify the sequestration order arid this assignment of error has no merit.
(Assignment of Error #2) — Did the state fail to prove that the crime occurred in Desoto Parish?

Law On Proving Venue in Criminal Trials

All trials shall take place in the parish where the offense has been committed, unless the venue is changed. LSA-C.Cr.P. art. 611.[3] The state shall have the burden of proving proper venue beyond a reasonable doubt. LSA-C.Cr.P. art. 615.[4] When a defendant alleges the state did not prove venue an appellate court examines the evidence in a light most favorable to the prosecution and determines whether a rational trier of fact could reasonably have concluded, beyond a reasonable doubt, the crimes charged did occur in the parish where the trial was conducted. State v. Hayes, 414 So.2d 717 (La.1982).
The defendant argues the central witness who testified as to the occurrence of the crime was the victim and her testimony does not support that element of the conviction.
The record shows the trial was held in Desoto Parish, that the jury was properly selected and accepted by the defendant. The victim testified at trial as follows:
Q. Okay. Now, first of all, can you tell me where you all were living when this happened?
A. Grand Cane.
Q. Grand Cane, Louisiana? Okay. Did you live right in Grand Cane?
A. Yes, sir.
Q. Downtown Grand Cane.
A. There is not a downtown Grand Cane.
Q. There is not a downtown Grand Cane? Okay. Did you know about what time of night this happened?
A. No, Sir.
Q. Well, tell me this. Was it day or was it night?
A. Night.
Q. Okay. Did this happen at home?
A. No, sir.
Q. Can you tell me where did it happen?
A. It was in the woods.
Q. How did you get to the woods?
A. My daddy brought me in the truck.
Q. What kind of truck?
A. A Toyota.
Q. A pick-up truck you mean?
A. A Toyota truck.
Q. Okay. Now speak loud so everybody can hear, okay?
A. Yes, sir.
Q. Where would you be when you would leave to go to the woods?
*469 A. At my house.
Q. In Grand Cane?
A. Yes, sir.
Q. Who would get in the truck to go to the woods?
A. Daddy and me.
Q. Just you and Daddy? Where would Mama be?
A. She would be asleep.
Q. Why would she be asleep?
A. She had to work the next day.
Q. I see. Okay. Now, do you know where you all would go to when you would get in that truck?
A. No, sir.
Q. Did you know how long it would take you to get there?
A. No, sir.
Q. How long would you be gone altogether before you got back.
A. I have no idea.
Q. Okay. All night?
A. No, sir.
Q. A few minutes?
A. No, not like. Probably be a few minutes, [emphasis added]
The only evidence offered to rebut the victim’s testimony was the testimony of Marsha Golden, a social worker who participated in investigating the incident. She testified it was possible that the crime could have occurred in another parish.
We conclude this assignment of error is meritless. The jurors were required to have lived in DeSoto Parish for at least one year immediately preceding their selection for jury service and are deemed to be acquainted with the location of Grand Cane, Louisiana, and it’s relation to the parish boundaries. CL, State v. Hayes, supra; LSA-C.Cr.P. art. 401.[5] Reviewing the testimony of the victim in a light most favorable to the prosecution a rational juror could reasonably have concluded, beyond a reasonable doubt, that the crime took place within DeSoto Parish, the venue of the trial. We are supported in our determination by taking judicial notice of the fact that Grand Cane, Louisiana, is within DeSo-to Parish and approximately twenty miles distance by public road from the nearest point of exit from the parish. LSA-R.S. 15:422.[6]
CONCLUSION
The conviction is AFFIRMED.

. § 41. Rape; defined
A. Rape is the act of anal or vaginal sexual intercourse with a male or female person who is not the spouse of the offender, committed without the person’s lawful consent.
B. Emmission is not necessary and any sexual penetration, vaginal or anal, however slight is sufficient to complete the crime. ... [emphasis added]
§ 42. Aggravated rape
A. Aggravated rape is a rape committed where the anal or vaginal sexual intercourse is deemed to be without lawful consent of the victim because it is committed under any one or more of the following circumstances:
(4) When the victim is under the age of twelve years. Lack of knowledge of the victim’s age shall not be a defense.
C.Whoever commits the crime of aggravated rape shall be punished by life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence.

. Art. 764. Exclusion and conduct of witnesses
Upon its own motion the court may, and upon request of the state or the defendant the court shall, order that the witnesses be excluded from the courtroom or from where they can see or hear the proceedings and refrain from discussing the facts of the case or the testimony of any witness with anyone other than the district attorney or defense counsel. The court may modify its order in the interest of justice, [emphasis added]
This article was amended by Acts 1986, No. 968, § 1, effective August 30, 1986, to authorize the exclusion of all witnesses except the defendant and one other representative of the state.

. Art. 611. Venue; trial where offense committed
All trials shall take place in the parish where the offense has been committed, unless the venue is changed. If acts constituting an offense or if the elements of an offense occurred in more than one place, in or out of the parish or state, the offense is deemed to have been committed in any parish in this state in which any such act or element occurred.

. Art. 615. Improper venue; pleading
Improper venue may be raised by motion to quash, and in such case the motion shall be , tried by the judge alone. Even if the issue of venue has been passed upon by the judge prior to trial, the state on the trial shall have the burden of proving proper venue beyond a reasonable doubt.

. Art. 401. General qualifications of jurors
A. In order to qualify to serve as a juror, a person must:
(1) Be a citizen of the United States who has resided within the parish in which he is to serve as a juror for at least one year immediately preceding his jury service, [emphasis added].

. § 422. Judicial notice of specific matters
Judicial cognizance is taken of the following matters:
(6) The laws of nature, the measure of time, the facts disclosed by the calendar, the facts of geography, the geographical and political divisions of the world, the facts of history and the political, social and racial conditions prevailing in this state; .... [emphasis added]
The Official Map of Louisiana (1976) shows the nearest point of exit by public road from the DeSoto Parish is Highway 171 from Grand Cane, Louisiana, to Mansfield, Louisiana, and then Highway 84 to Red River Parish.