515 So.2d 558 (1987)
STATE of Louisiana
v.
Ralph MURPHY.
No. KA 87 0418.
Court of Appeal of Louisiana, First Circuit.
October 14, 1987.
*559 Bryan Bush, Dist. Atty., Baton Rouge, by Brenda Creswell, Asst. Dist. Atty., for plaintiff/appellee.
*560 Office of the Public Defender, Baton Rouge, David E. Stanley, Baton Rouge, for defendant/appellant.
Before LOTTINGER, EDWARDS and ALFORD, JJ.
ALFORD, Judge.
Defendant, Ralph Murphy, was charged by bill of information with indecent behavior with a juvenile, in violation of La.R.S. 14:81. He pled not guilty and, following trial by jury, was convicted as charged. The trial court sentenced defendant to a term of three years imprisonment at hard labor. Defendant appeals urging nine assignments of error.

FACTS
The female child involved lives with her mother and stepfather and was four years old at the time of the incident. In 1985 and early 1986, her mother and stepfather worked on Saturdays and left her with a babysitter. On the morning of April 5, 1986, at 8:30 a.m., the mother took the child to the babysitter's (Gwen Murphy's) house. The mother had been bringing her daughter there regularly on Saturdays for approximately ten months. The child's stepfather picked her up at the Murphy's house shortly before 6:00 p.m. and returned home.
That evening, the family ate dinner, the child had her normal playtime and her mother bathed her between 8:00 and 8:30 p.m. and put her to bed. Minutes later, the child started whimpering and crying. Her mother asked what was wrong and the child stated that her "tee-tee" hurt because Mr. Ralph (her name for the defendant who is Gwen Murphy's husband) had been fooling with it. When questioned by her stepfather, the child related that Mr. Ralph stuck his finger in her "tee-tee." The mother looked at the child's vaginal area and observed redness, but no abrasions or blood. The mother telephoned several organizations for advice and then notified the police.
Sergeant Stan Easley with the Baker Police Department responded to the complaint at 10:07 p.m. and took their statements. He related the information to Detective Jesse Bourgoyne, who visited the family's residence the next evening. Pursuant to Detective Bourgoyne's suggestion, the parents took the child to the Baker Police Department that night. At the station, Detective Bourgoyne interviewed the child and then took a taped statement from her. This statement duplicated the story she had told her parents. Based on the information provided by the child, a warrant was issued for defendant's arrest.
Defendant was telephoned in connection with the warrant, and he voluntarily went to the police station. Detective Bourgoyne advised defendant of his Miranda rights, and defendant signed a waiver of the same. Detective Bourgoyne then specifically advised defendant what the charges were against him.
Detective Bourgoyne testified at trial concerning several statements made by defendant at the station. Defendant stated that he was "very much attracted" to the child and that he kissed on her and tickled her "all over." He stated that he had grabbed her leg, and she jumped around so much that he could have touched her vaginal area. Defendant maintained that, if he did, it was unintentional.
Defendant testified on his own behalf at trial. He denied making these exact statements to Detective Bourgoyne, except for the assertion that any touching of the child's vaginal area was unintentional. He maintained that, on the day the alleged offense occurred, he left town at 7:30 a.m., before the child arrived at his house. He did not return until approximately 5:50 p.m., shortly before the child's stepfather picked her up. Defendant testified that, when the stepfather arrived, his wife, two sons, a daughter-in-law, and his granddaughter were present in the living room with him and the child. He denied that the child was sitting on his lap that afternoon.
The child's mother testified that when she dropped her daughter off on that Saturday morning, she went into the house and saw the defendant sitting in his recliner chair in the living room. The child's *561 stepfather testified that as he walked up to the open door that evening to pick the child up, he saw the child sitting in the defendant's lap in the recliner. He also stated he did not see anyone else in the room.

DENIAL OF CONTINUANCE
In defendant's first assignment of error, he contends that the trial court erred in refusing to grant his motion for continuance. On the morning of the trial, court-appointed defense counsel made an oral request for continuance in order for defendant to hire a private attorney. The court refused to grant the continuance and proceeded with the selection of the jury.
A motion for continuance must be in writing and allege specifically the grounds upon which it is based. La. Code Cr.P. art. 707; State v. Spencer, 444 So.2d 354 (La.App. 1st Cir.1983), writ denied, 488 So.2d 694 (La.1986). An oral motion for continuance presents nothing for review upon appeal. State v. Penny, 486 So.2d 879 (La.App. 1st Cir.), writ denied, 489 So.2d 245 (La.1986). However, this rule may be disregarded whenever the circumstances arise unexpectedly and defense counsel has no opportunity to prepare a written motion. State v. Penny, 486 So.2d at 888. We find the present situation one in which the standard rule should be applied.
A review of the record shows that the appointed defense counsel was aware that the private counsel defendant had attempted to obtain had refused the case. Since counsel discussed this situation with the prosecutor on the day before trial, counsel had sufficient opportunity to prepare a written motion and could not claim he was surprised by unexpected circumstances. Moreover, a trial court's ruling on a motion for continuance will not be disturbed absent a showing of clear abuse of discretion. State v. Spencer, 444 So.2d at 356. We find no such showing; therefore, this assignment is without merit.

JURY INSTRUCTION ON POTENTIAL PENALTIES
By means of assignment of error number two, defendant argues that the trial court committed reversible error in reading the authorized sentencing provisions contained in LSA-R.S. 14:81 in its opening remarks to the members of the jury venire. Defendant claims that the court's statements may have been construed by the jurors as a comment on defendant's guilt.
Where the sentence is not mandatory and the court has the discretion to impose a sentence anywhere within the statutorily authorized range, the trial judge is not required to charge the jury on the authorized sentence, but may do so in his discretion. See State v. Jackson, 450 So.2d 621 (La.1984). Moreover, defendant failed to enter a contemporaneous objection to the court's remarks to the jury venire. Accordingly, he is prevented from raising such issue on appeal. La. Code Cr.P. art. 841; See State v. Jackson, 450 So.2d at 634. This assignment of error is without merit.

IMPROPER ARGUMENT
In assignment of error number three, defendant urges that the trial court erred in failing to grant an automatic mistrial when the prosecutor, in both her opening and closing statements, expressed her personal belief that defendant was guilty of the crime charged. See La. Code Cr.P. art. 774.
In her opening statement, the prosecutor remarked as follows:
"... and I'm sure you'll find, at the close of this case, and you will feel as I do, as all others who have been involved in this case up until this point, that there is no doubt that the defendant is guilty of the crime charged ..."
At the end of the trial, in her closing argument, the prosecutor stated:
"As I told you in my opening statement, everyone who has been involved with the investigation of this case, from Detective Bourgoyne all the way through the District Attorney's Office and myself, have listened to [the victim] and viewed the facts and circumstances of this case and believed that little girl ..."
*562 Defense counsel did not object to the state's comments and did not request an admonishment to the jury to disregard the statements. In addition, there was no motion for a mistrial. The issue as to the propriety of remarks made in argument is not preserved for review where defense counsel makes no objection to the statement either during argument or after the argument. In such a case, defendant is deemed to have waived any such error on appeal. State v. Craddock, 435 So.2d 1110 (La.App. 1st Cir.1983). This assignment of error is meritless.

SUFFICIENCY OF THE EVIDENCE
In assignment of error number four, defendant contends the trial court erred in denying his motion for new trial which was made on the grounds that the verdict was contrary to the law and evidence. La. Code Cr.P. art. 851(1). Specifically, he argues that the state failed to prove two elements of the offense beyond a reasonable doubt, namely, (1) that defendant committed a lewd or lascivious act and (2) that defendant committed the act with the specific intention of arousing or gratifying the sexual desires of either person.
Only the weight of the evidence can be reviewed by the trial court in a motion for new trial under La. Code Cr.P. art. 851. The trial court can grant a new trial only if it is dissatisfied with the weight of the evidence; and, in so determining, that court makes a factual review as a thirteenth juror rather than under the sufficiency standard. State v. Korman, 439 So.2d 1099, 1101 (La.App. 1st Cir.1983). The trial court's determination of whether to grant or deny a motion for new trial on this basis in not subject to review by the appellate courts. La.Const. art. V, § 10; La. Code Cr.P. art. 858; see State v. Korman, 439 So.2d at 1101.
In Korman, we held that the proper procedural mechanism to raise the issue of the sufficiency of evidence is by a motion for a post-verdict judgment of acquittal under La. Code Cr.P. art. 821. Since such a motion was filed in this case, we will review the trial court's denial of this motion and address the sufficiency argument.
The standard for reviewing sufficiency of the evidence is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime were proven beyond a reasonable doubt. La. Code Cr.P. art. 821; State v. Captville, 448 So.2d 676 (La. 1984). Additionally, where the evidence against a defendant is circumstantial in nature, this evidence, assuming every fact proven which it tends to prove, must exclude every reasonable hypothesis of innocence. La.R.S. 15:438.
The elements of the offense of indecent behavior with a juvenile (La.R.S. 14:81) are: (1) the defendant is a person over the age of seventeen; (2) the juvenile is a person under the age of seventeen; (3) there is an age difference greater than two years between the defendant and the juvenile; (4) the defendant committed a lewd or lascivious act upon the person of the juvenile; and (5) the act committed by the defendant was with the intention of arousing or gratifying the sexual desires of either person. Defendant disputes the state's proof of the fourth and fifth elements.
The child's testimony shows that defendant put his index finger in her vagina, apparently through her clothing, on numerous occasions. The testimony of defendant repudiates that of the child and gives a different version of the facts. He maintained that, if he did touch the child's genitals, it was accidental. Resolution of conflicting testimony on factual matters based upon credibility of the witnesses is a matter of the weight of evidence rather than its sufficiency. State v. Cox, 450 So.2d 1073 (La.App. 1st Cir.1984). Since determination of the weight of evidence is a question of fact, this court has no jurisdiction to review such determinations upon appeal. La. Const. art. V, § 10(B); State v. Cox, 450 So.2d at 1075. The jury's verdict indicates that it accepted the testimony of the child and rejected that of defendant. Her testimony is certainly sufficient evidence to show that defendant committed a *563 lewd and lascivious act upon the person of the child.
In order to prove indecent behavior with a juvenile, the state must also prove that the accused committed a lewd or lascivious act upon a juvenile "with the intention of arousing or gratifying the sexual desires of either person." La.R.S. 14:81. Although the existence of such intent is a question of fact, it need not be proven as such, but can be inferred from the attendant circumstances. La.R.S. 15:445. We conclude it could reasonably be inferred from the facts testified to by the child that defendant possessed the specific intent necessary for indecent behavior with a juvenile.
From the evidence presented, the jury could validly find beyond a reasonable doubt that every element of the offense had been proved and every reasonable hypothesis of innocence had been excluded. Assignment of error number four is without merit.

COMPETENCY OF CHILD TO TESTIFY
By means of assignment of error five, defendant complains that the trial court erred in denying his motion for new trial on the basis that the victim was an incompetent witness. La. Code Cr.P. art. 851(2). The child was four years old at the time of the offense and five years old at the time of trial. Defendant argues that she lacked sufficient understanding to be a competent witness. La.R.S. 15:469 provides that a child under twelve shall not testify unless "the court is satisfied, after examination, that such child has sufficient understanding to be a witness." When the state called the victim to testify at the trial, the trial court conducted a competency hearing pursuant to La.R.S. 15:469, out of the jury's presence. The court and counsel questioned the child about school, church, and the difference between telling the truth and telling lies. Based on her testimony, the trial court ruled that the child-victim was competent to testify. Defense counsel objected and assigned the ruling as error.
The determination of the trial court that a child witness is competent is based upon the child's answers to questions testing his understanding and on the child's overall demeanor on the witness stand. State v. Humphrey, 412 So.2d 507 (La.1981). The determination of a trial court, as to whether or not a child has the required sufficient understanding, is entitled to great weight because he (or she) has the advantage of seeing and hearing the witness. State v. Dees, 439 So.2d 614 (La.App. 1st Cir.1983).
A review of the testimony of this witness does not reveal an abuse of discretion in the trial court's ruling that the child possessed sufficient understanding of the trial, the questions, the difference between truth and lies, and her ability to recall the events about which she testified. State v. Foy, 439 So.2d 433 (La.1983). Therefore, the trial court did not err in its rulings on the competence of the child witness or on defendant's motion for new trial based on this alleged error. This assignment has no merit.

PROCEDURE FOR TAKING TESTIMONY OF CHILD VICTIM
By means of assignments of error numbers six and seven, defendant protests the use of the procedure authorized by La.R.S. 15:283 for taking the testimony of the child victim in the judge's chambers and simultaneously telecasting it via closed circuit television to the jury. In assignment of error number six, the defendant contends that the trial court erred in failing to follow the requirements set forth in the statute. The statute provides that the person operating the video equipment shall be screened from the child's view. No mention is made in regard to the location of the video equipment. The trial court ordered the equipment operator to remain in a bathroom adjoining the chambers. Defendant now complains that the equipment remained in the child's view and that the operator exited the bathroom several times to make technical adjustments.
We note that defendant failed to make an objection at the time the alleged irregularities occurred. Errors not objected to at *564 the time of occurrence are waived. See La. Code Cr.P. art. 841.
In assignment of error number seven, defendant argues that the statute, as applied in this case, unconstitutionally denied his constitutional right to effectively confront and cross-examine his accuser. He contends that the trial court erred in denying his motion for new trial based on this assertion. La. Code Cr.P. art. 851(2).
In the instant case, the child, the prosecutor, defense counsel, defendant, the court reporter and the trial judge retired to the judge's chambers during trial. The child testified as though on the witness stand in the courtroom, responding to questions from the prosecutor and defense counsel. Defense counsel was not limited in his questioning of the child. The jury and the public could see and hear the child through a closed-circuit television monitor placed appropriately in the courtroom. Defendant sat behind a screen, which was positioned next to his attorney in the judge's chambers, and thereby was shielded from visual contact with the child. Defendant claims that the screen which separated him from the victim prevented him from seeing her demeanor. He was allegedly unable to hear the victim at times, either because of his hearing problem or because the child gave numerous non-verbal responses to questions propounded to her. Defendant alleges that his right to consult with his attorney was thereby rendered meaningless. Further, defendant claims that the trial court instructed him not to make any sound or motion which would reveal his presence to the child. Defendant asserts that he was thus prevented from consulting with his attorney because he was not given paper and pen with which to communicate; and he could not reach out to get his attorney's attention without being in the child's view.
These arguments lack merit. An irregularity or error cannot be availed of after verdict unless it was objected to at the time of occurrence and the grounds therefor specified. La. Code Cr.P. art. 841. The defendant must state the basis for his objection when he makes it so that the trial judge has an opportunity to make the proper ruling and prevent or cure an error. State v. Jackson, 450 So.2d at 634. Herein, defendant failed to make an objection at the time the alleged errors occurred. Prior to trial, defendant had objected to the use of the procedure as being a denial of his right to confront the victim; however, no specific grounds were articulated in support of the basis of his objection.
Defendant also contends in his brief that the circumstances of the instant case do not justify the use of La.R.S. 15:283 procedures, and that the terms of the statute are prejudicial as applied. These arguments were not assigned as error. In accord with the well-established jurisprudence of the Louisiana Supreme Court under the provisions of La. Code Cr.P. arts. 844 and 920, this court will not consider arguments which are neither assigned as error nor related to errors patent on the face of the record. See State v. Wientjes, 341 So.2d 390 (La.1976); State v. Williams, 319 So.2d 404 (La.1975). Accordingly, for the above stated reasons, assignments of error numbers six and seven are meritless.

EVIDENCE OF OTHER CRIMES AND POST-ARREST SILENCE
By means of assignments of error numbers eight and nine, defendant argues that the trial court erred in denying his motion for a new trial. In assignment of error number eight, he alleges there was an improper reference to another crime for which the defendant was arrested but never convicted and that the testimony created such prejudice in the minds of the jurors that he is entitled to a new trial. On cross-examination, defense counsel asked Detective Bourgoyne if he had discovered any prior complaints of child abuse directed at defendant. The witness responded that defendant had been charged with simple battery of a juvenile in a case that was still pending. Defendant counsel inquired further into the subject by asking if the officer could recall the facts of the pending complaint. Detective Bourgoyne replied that he could not. On direct examination, *565 defense counsel questioned the defendant about the facts underlying the battery charge. Defendant responded that the charge stemmed from an allegation that he slapped the face of a young boy that his wife was babysitting. On cross-examination, the prosecutor questioned the defendant about the slapping incident.
In assignment of error number nine, the defendant contends Detective Bourgoyne testified that the defendant exercised his constitutional right to remain silent and consult counsel during questioning and that this testimony created such prejudice in the minds of the jurors that he is entitled to a new trial. In response to question by defense counsel on cross-examination, Detective Bourgoyne testified that, when he was talking with defendant at the police station, he planned to ask defendant the names of other children his wife babysat. Subsequently, on recross-examination by the prosecution, Bourgoyne stated that he was unable to do so because, after defendant gave his oral statement, he stated that he did not want to make any further statement until he saw counsel.
First, it is unclear as to which one of the five grounds for a motion for new trial defendant is urging. Since the alleged "other crimes" and "post-arrest silence" evidence was never objected to and therefore no denial of an objection was made, the defendant cannot be proceeding under La. Code Cr.P. art. 851(2). The only other ground it might come under would be La. Code Cr.P. art. 851(5), which allows for a new trial if "the court is of the opinion that the ends of justice would be served by a granting of a new trial, although the defendant may not be entitled to a new trial as a matter of strict legal right." If defendant is proceeding under this ground, then we note that this basis presents nothing for the appellate court's review. State v. Toomer, 395 So.2d 1320 (La.1981).
In any event, "an irregularity or error cannot be availed of after verdict unless it was objected to at the time of occurrence." La. Code Cr.P. art. 841. Accordingly, we find defendant has waived any errors based on the allegation of inadmissible "other crimes" or "post-arrest silence" evidence by his failure to move timely for a mistrial or enter a comtemporaneous objection. La. Code Cr.P. arts. 770, 771(2), 841; State v. Sisk, 444 So.2d 315 (La.App. 1st Cir.1983), writ denied, 446 So.2d 1215 (La. 1984).
For the above reasons, these assignments of error are meritless.

DISPOSITION
Accordingly, we find that all nine assignments of error are without merit. For the above and foregoing reasons, we affirm the conviction and the sentence.
CONVICTION AND SENTENCE AFFIRMED.