542 So.2d 1171 (1989)
STATE of Louisiana, Appellee,
v.
Joseph PRESLEY, Appellant.
No. 20594-KH.
Court of Appeal of Louisiana, Second Circuit.
May 10, 1989.
Rehearing Denied July 13, 1989.
Joseph D. Toups, Jr., Mansfield, for appellant.
Robert D. Burgess, Asst. Dist. Atty., Mansfield, for appellee.
Before FRED W. JONES, Jr., NORRIS and HIGHTOWER, JJ.
FRED W. JONES, Jr., Judge.
We granted a writ in this case to consider defendant's contention that his 6th *1172 Amendment right to confront witnesses against him was violated when the 9 year-old alleged victim in a rape-incest case was permitted to testify at the trial via closed circuit television.
In 1985, defendant Joseph Presley was convicted of aggravated rape and incest. He was subsequently sentenced to life imprisonment at hard labor, without benefit of parole, probation or suspension of sentence. His conviction was affirmed by us on appeal in State v. Presley, 499 So.2d 465 (La.App. 2d Cir.1986). The facts leading up to defendant's arrest are summarized as follows in our previous opinion:
"On March 12, 1985, Jennifer Presley, age 9, informed her mother that the defendant, the natural father, had sexually assaulted her. The child was taken that day to see Dr. W.L. Dillard but an examination was deferred until March 14, 1985, due to the emotional condition of the child. On this latter date Dr. Dillard discovered that the lower part of the child's vagina had been dilated and enlarged in excess of what would be expected for a virginal state but that the hymenal ring, approximately ¾½" from the edge of the organ, had not been broken. Dr. Dillard reported his findings to the Office of Child Protection of the Department of Health and Human Resources. A subsequent investigation of the child's allegations resulted in the defendant's arrest, indictment, conviction, and sentence."
The victim testified in accordance with La.R.S. 15:283, which provides:
A. On its own motion or on the motion of the attorney for any party, a court may order when justice so requires that the testimony of a child under fourteen years of age who may have been physically or sexually abused be taken in a room other than the courtroom and be simultaneously televised by closed circuit television to the court and jury. The only persons who may be present in the room with the child are the person or persons operating the audio-video equipment, the presiding judge, the attorneys for the state and defendant, the defendant, and any person other than a relative of the child, whose presence is determined by the court to be necessary to the welfare and well-being of the child during his testimony. Only the attorneys, or the presiding judge as authorized by law, may question the child.
B. The persons operating the equipment shall be confined to an adjacent room or behind a screen or mirror that permits them to see and hear the child during his testimony but does not permit the child to see or hear them. The court shall ensure that the child cannot see or hear the defendant unless such viewing or hearing is requested for purposes of identification. The court shall also ensure that the defendant is afforded the ability to consult with his attorney during the testimony of the child. Added by Acts 1984, NO. 563, Section 1.
The alleged victim testified from a room separate from the courtroom with the testimony being televised by one-way closed circuit television to the court and the jury. Present in the room with the victim were the trial judge, the defendant's attorney, a child protection officer with the Department of Health & Human Resources, the court reporter, the district attorney and the person operating the equipment. The defendant was able to watch the child testify from the courtroom, but the child could not see the defendant as she testified. Defendant did not object to this procedure.
Defendant claims that by the use of this procedure he was denied his constitutional right to confrontation.
In Coy v. Iowa, ___ U.S. ___, 108 S.Ct. 2798, 101 L.Ed.2d 857 (1988), the Supreme Court held unconstitutional a statute similar to the one under consideration here. In that case, defendant was convicted of two counts of engaging in lascivious acts with a child. Pursuant to an Iowa statute, the two thirteen year old victims' view of the defendant was blocked by a one-way screen while they testified. The defendant's attorney was allowed to cross-examine the witnesses, but although the defendant could dimly view the witnesses as they testified, they were completely unable *1173 to see him. The defendant's objection to the use of the screen was overruled. The Iowa Supreme Court affirmed the conviction, but the U.S. Supreme Court reversed, holding that the statutory procedure permitting the two girls to testify behind a screen violated the Confrontation Clause of the Sixth Amendment, which it said gives the defendant a right to a face-to-face encounter with witnesses.
First, we note that the defendant did not object to the use of this procedure at trial. Before trial, the defendant filed a motion to suppress a videotaped interview of the child, which the State intended to introduce pursuant to La.R.S. 15:440.1 et seq. A hearing was held and the motion was denied, but the videotape was never introduced as evidence at trial. Instead, the State chose to present the child victim's testimony in the manner authorized by La. R.S. 15:283. Before proceeding, however, the court specifically asked defense counsel if he had any objections to this procedure, and he answered in the negative.
We agree with the State that this lack of contemporaneous objection generally renders defendant's claim unreviewable. La.C.Cr.P. Art 841 provides that "[a]n irregularity or error cannot be availed of after verdict unless it was objected to at the time of occurrence." The defendant must state the basis for his objection when he makes it so that the trial judge has an opportunity to make the proper ruling and prevent or cure an error. State v. Jackson, 450 So.2d 621 (La.1984); State v. Murphy, 515 So.2d 558 (La.App. 1st Cir.1987), writ granted, 530 So.2d 553 (1988).
Be that as it may, the Coy decision does not require a reversal of defendant's conviction. Left unanswered by the court was the question of whether the furtherance of an important public policy would warrant the finding of an exception to a defendant's constitutional right to a face-to-face confrontation with the witnesses testifying against him. The court in Coy stated that the generalized legislative presumption that a child needs protection, asserted by the State of Iowa, was insufficient to warrant such an exception, and held that there must be individualized findings by a judge that a particular witness needs special protection before an exception can be considered.
In her concurring opinion, Justice O'Connor noted that the Supreme Court has repeatedly recognized that the Sixth Amendment right to confrontation is not absolute, but rather reflects a preference for face-to-face confrontation at trial, which may be overcome in a particular case if a close examination of "competing interests" so warrants. Coy v. Iowa, supra, 108 S.Ct. at 2804 (O'Connor, Jr., concurring) (citing Ohio v. Roberts, 448 U.S. 56, 63-64, 100 S.Ct. 2531, 2537-2538, 65 L.Ed.2d 597 (1980) (emphasis added); Chambers v. Mississippi, 410 U.S. 284, 295, 93 S.Ct. 1038, 1045-1046, 35 L.Ed.2d 297 (1973).
She also pointed out that a literal interpretation of the confrontation clause would bar the use of all out-of-court statements when the declarant is unavailable. This view would abolish many exceptions to the rule against hearsay, she stated, and has been rejected as "unintended and too extreme." Id., 108 S.Ct. at 2804 (quoting Ohio v. Roberts, supra, 448 U.S. at 63, 100 S.Ct. at 2537-2538).
Finally, the justice stressed the importance of the State's interest in prosecuting cases of child abuse and concluded that the important public policy of protecting child witnesses in such cases from the "trauma of courtroom testimony" should outweigh the defendant's right to face-to-face confrontation if a court makes a case-specific finding of necessity. Coy v. Iowa, 108 S.Ct. at 2803, 2805.
We conclude that such an individualized finding was made in this case. Before trial, a videotaped interview of the child was conducted by a social worker employed by DHHR. In connection with this, the trial court conducted an in-camera interview of the child to determine if she would be available to testify, for purposes of cross-examination, as required by La.R.S. 15:440.5(8). The transcript of this interview indicates that the child did in fact need the special protection afforded by the procedure actually used to elicit her testimony *1174 in this case. It is clear from her testimony that she was very ashamed of what had happened to her and extremely frightened to testify in front of her father and a jury. She reluctantly agreed to testify in a separate room via closed circuit television with only the judge, attorneys, a social worker and the men operating the equipment present, however, and the judge stated he thought the use of this procedure was "appropriate under the circumstances".
Consequently, there were individualized findings by the trial judge that this 9 year-old victim-witness needed the kind of special protection afforded by closed circuit television, justifying in this case an exception to the 6th Amendment right to confrontation.
Conclusion
For these reasons, the writ is RECALLED and defendant's petition is DISMISSED.

ON APPLICATION FOR REHEARING
Before FRED W. JONES, Jr., NORRIS, HIGHTOWER, SEXTON and LINDSAY, JJ.
Rehearing denied.